THOMAS ELY v. C. M. EARLY, et als.

*Amendment—Joining Causes of Action—Action to Recover Land —Statute of Limitation—Mistake—Correction—Jury Trial.*

1. The Court cannot, except by consent, allow an amendment which changes the pleadings so as to make it substantially a new action, but an amendment which only adds to the original cause of action is not of this nature, and may be allowed.

2. In an action to recover land, the Court may allow an amendment so as to set up a mistake in a deed.

3. An action to recover the possession of land, and to correct a mutual mistake in a deed for the same land, executed by the plaintiff to the defendant, constitute but one cause of action.

4. Where a distinct cause of action is allowed to be inserted in a complaint, by amendment, it is tantamount to bringing a new action, and the statute of limitation runs to the time when the amendment is allowed; but this rule does not apply when the new matter allowed by the amendment constitutes a part of the original cause of action.

5. So where, in an action to recover land, the Court allowed the plaintiff to amend, so as to set up a mutual mistake in a deed, the statute only runs against the relief demanded by the amended complaint to the time when the action was commenced.

6. A Court will only correct a mistake in a deed or other written instrument, upon. clear, strong and convincing proof, and it is error in the Court to charge the jury that the plaintiff is entitled to have the issue found in his favor upon a mere preponderance of evidence.

7. In such cases, if the Court should be of opinion that, in no reasonable view of the evidence, is it sufficient to warrant a verdict establishing the mistake, a verdict should be directed for the defendant.

8. In the trial by a jury of issues arising in equitable matters, the rules of equity should be followed as far as possible.

9. Issues of fact, as distinguished from questions of fact, in equitable as well as legal actions, must be tried by a jury; but this does not authorize the finding of such issues on less evidence than a chancellor would find them.

(*Merrill* v. *Merrill*, 92 N. C., 657; *McNair* v. *The Com'rs*, 93 N. C., 364; *Robinson* v. *Willoughby*, 67 N. C., 84; *McMillan* v. *Edwards*, 75 N. C., 81; *McRae* v. *Battle*, 69 N. C., 98; *Murray* v. *Blackledge*, 71 N. C., 492; *Farmer* v. *Daniel*, 82 N. C., 152; *Condry* v. *Cheshire*, 88 N. C., 375; *Gill* v. *Young*, 88 N. C., 58; *Wynne* v. *Insurance Co.*, 71 N. C., 121; *Wilson* v. *The Land Co.*, 77 N. C., 452, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* and a jury, at Spring Term, 1883, of the Superior Court of HERTFORD county.

This action was brought to recover the possession of two adjoining tracts of land. At the appearance term of the Court, the plaintiff filed the ordinary complaint in such cases, describing the land, alleging title in himself to the same, the wrongful possession thereof by the defendants, &c. The appellant defendants, in their answer, denied every material allegation in the complaint.

At a subsequent term, the plaintiff moved for leave to amend the complaint, which was granted by the Court, the appellant defendants objecting. In pursuance of such leave, the plaintiff filed a further complaint, alleging, as to one of the tracts of land mentioned, that unintentionally, by inadvertence, and the mutual mistake of the parties to it, he had executed a deed embracing the same land to the defendant Early; that the latter had admitted the mistake and consented to a proper correction of the deed; that on hearing that the husband appellant was about to purchase the land embraced by the deed from Early, he notified him of such mistake,

and not to purchase; that he declared that the deed was registered and he would purchase and take the risk; that he did purchase the land with notice of the plaintiff's equity in that respect; and he demanded judgment that the deed be corrected. Only the appellants filed an answer, denying all the material allegations in this amended complaint, and they further alleged that more than three years had elapsed next after the plaintiff had knowledge of the alleged mistake, and *before the filing* of the amended complaint, and therefore his alleged right to have the deed corrected was barred by the statute of limitations. As to this part of the case, three issues of fact, whereof the following is a copy, were submitted to the jury, and they responded to the two first in the affirmative, and the third in the negative:

(1). "Was the interest of plaintiff, Thomas Ely, in the Brittain land by mistake of both parties conveyed by the deed of 26th August, 1875, to C. M. Early?"

(2). "Was A. B. Atkins (husband appellant) notified by Thomas Ely or C. M. Early of this mistake, and of Thomas Ely's claim to said land before November 4th, 1878?"

(3). "Did the plaintiff discover, more than three years before this suit was commenced, that the Brittain land was conveyed in the deed of August, 1875?"

The Court gave the jury the following instructions, to which the appellants excepted:

"That the burden of showing the alleged mistake was upon the plaintiff; that it must be done, not beyond a reasonable doubt, but by a preponderance of evidence —that is to say, if the plaintiff's evidence was placed in one end of the scales, and the defendant's in the other, and the one exactly balances the other, then the issue should be found in favor of the defendants. But if the plaintiff's evidence weighs down ever so slightly that of the defendants, then in favor of the plaintiff."

The appellants moved for judgment *non obstante veredicto,* which motion was overruled, and they excepted.

There was judgment on the verdict for the plaintiff, and the defendants appealed.

*Messrs. W. D. Pruden* and *W. B. Shaw,* for the plaintiff.
*Messrs. R. B. Peebles* and *Winborne,* for the defendants.

MERRIMON, J. (after stating the facts). It is very true that the Court cannot, without the consent of the parties, so amend, change or modify the pleadings in a pending action as to make it substantially a new one. *Merrill* v. *Merrill,* 92 N. C., 657; *McNair* v. *Commissioners,* 93 N. C., 364. But its general powers, and especially those expressly conferred by The Code, §§272, 273, to allow amendments of the pleadings "in furtherance of justice," are broad and comprehensive, and in all proper cases should be exercised freely by the Court, having due regard to fairness and the rights of the parties.

That it was competent to allow the amendments made in this case there can be no serious question. It seems that there was some mistake or misapprehension in the preparation of the complaint at first. The plaintiff's cause of action was not fully and sufficiently alleged. It is obvious that the allegations in the further or amended complaint were "material to the case," and such as might, and, indeed, ought to have been made at first, in order to enable the plaintiff to reach the complete merits of the cause of action sued upon, as we shall presently see.

The Code, §273, expressly provides, among other things, that the Court may, "in furtherance of justice, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, *or by inserting other allegations material to the case,* or where the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved."

Now, the plaintiff brought this action to recover the land in question. If the allegations in the complaint were true, the land was his, and he ought to have recovered, but it turned out, as was alleged, that by inadvertence and mistake, in the provisions of a deed embracing it, of which the appellants had notice, the legal title to the land was in the husband appellant. At first, the plaintiff filed the ordinary complaint in an action to recover land, alleging title in himself. Why he failed to allege the mistake and material facts in respect to the same, and demand equitable relief, does not appear. Perhaps he may have believed that he had the equitable title to the land and could recover upon that. But whatever may have been the cause of omission, it was competent to allow the amendment by adding further allegations to the complaint. This is what was in legal effect done, however informal the amendment in taking the form of a further complaint.

Treating the right to have the deed corrected for the causes alleged, as a separate cause of action, as certainly in some cases it might be, the plaintiff might have united it with the cause of action at first alleged. The Code, §267, provides, that "the plaintiff may unite in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, when they all arise out of, (1) the same transaction, or transaction connected with the same subject of action * * * * * (5) claims to recover real property, with or without damages, for the withholding thereof, and the rents and profits of the same." Plainly, the right to have the deed corrected was "connected with the same subject of action"—the land—and it was directly connected with, and affected the claim "to recover real property." The same section provides, that when such causes of action are united, they must affect "all the parties to the action," and so they do in this case. Such causes of action may be united in the same complaint. One chief purpose of the Code is to facilitate litigation, without multiplicity of actions, and the power of the Court to complete a

litigation begun, by amending the pleadings, is almost unlimited. *Robinson* v. *Willoughby*, 67 N. C., 84; *McMillan* v. *Edwards*, 75 N. C., 81.

But under the circumstances of this case, we think the ground of the equitable relief demanded, constituted a part of the plaintiff's cause of action at first alleged, and he did not need to allege two distinct causes of action. His alleged right to recover the land, and directly in that connection and for that purpose, and as part of it, to have the deed corrected, constituted his cause of action. The legal and equitable rights in respect to the land were so clearly connected, so essentially one, that they might not improperly be regarded and treated as constituting one cause of action.

The defendant had possession of the land, and was seeking in that connection to take an inequitable advantage of a mistake in a deed, whereby the legal title was in him. A part of the plaintiff's cause of action was the right to have the deed corrected.

It is true, that under the common law method of procedure, this could not be so, because, under it, the plaintiff would recover the land by his possessory action at law, after he had had the mistake in the deed corrected in a separate court of equity, wherein alone he could obtain equitable relief; but under the Code method of procedure, as it prevails in this State, legal and equitable relief must be administered in the same court, and may be in the same action, and in some cases, in the same cause of action. The principles, doctrines and rules of law are distinct from those of equity, but they may be administered together by the same Court, when it is appropriate and necessary to do so. *McRae* v. *Battle*, 69 N. C., 98; *Murray* v. *Blackledge*, 71 N. C., 492; *Farmer* v. *Daniel*, 82 N. C., 152; *Condry* v. *Cheshire*, 88 N. C., 375.

The appellants contended that if the amendment could be allowed, it must be treated as the introduction of a distinct equitable cause of action, the action as to it beginning at the

time the amendment was allowed; and further, that as more than three years had elapsed between the time the plaintiff had knowledge of the alleged mistake in the deed, and the time the amendment was allowed, this cause of action was barred by the statute of limitation.

In some cases, no doubt, the time of allowing an amendment would be treated as the beginning of the action, as to the new cause of action introduced, especially in cases where such cause is not a part of, is distinct from and not germane to the cause of action at first alleged. Such a case is that of *Gill* v. *Young,* 88 N. C., 58.

The present case, however, is not of that class. As we have seen, the matter alleged in the amendment, constituted an essential part of the plaintiff's single cause of action, which was at first imperfectly alleged, and the amendment was intended to perfect the statement of it in the complaint. The action when brought, was intended to embrace the whole cause of action, not simply a part of it, and it was a legal demand upon the defendants to satisfy the plaintiff's claim to the whole extent of his cause of action, and, therefore, the amendment had relation back to the time when the action was begun. So that the cause of action was not barred by the statute of limitations, taking the facts to be as contended by the appellants. *Wynne* v. *The Insurance Company*, 71 N. C., 121.

The exceptions to the instructions given to the jury must be sustained. We think it very clear that the Court erred in telling them that the plaintiff must prove the affirmative of the issues as to the alleged mistake "by a preponderance of evidence." This ordinary rule of evidence in civil actions does not apply in a case like this.

That the Court may, in the exercise of its equitable jurisdiction, correct a mistake in a deed, or other written instrument, such as that alleged in the complaint, is not controverted; but it will do so only where the mistake is made to appear by clear, strong, and convincing proof. The Court must be satisfied from the evidence, beyond reasonable question, of the alleged mis-

take. By the solemn agreement of the parties to it, the deed, at once, upon its execution, becomes high and strong evidence of the truth of what is expressed in it, as between the parties to it. One of its chief purposes is to make such evidence, and it ought not to be changed or modified except upon the clearest proof of mistake. In some cases, mistake might be manifest from what appears in the deed itself and necessary surrounding circumstances—in others, the evidence of it may be clear, direct, and satisfactory, as where it is mutual, and the interested parties admit it. In such cases, the Court would grant relief without hesitation. In other cases, the evidence may be uncertain, conflicting, and circumstantial, coming from a variety of sources, and unsatisfactory. In such cases, the Court will not disturb the deed or other writing, and upon the strong ground that the parties have agreed to make the writing evidence between them as to the matters contained in it. It must stand, until by a weight of proof greater than itself, a court of equity, in the exercise of a very high and delicate jurisdiction, shall correct it. The Court always acts in such cases with great caution and upon the clearest proof. In *Wilson* v. *The Land Company*, 77 N. C., 452, Mr. Justice BYNUM, having reference to a deed, said :

"The whole sense of the parties is presumed to be comprised in such an instrument, and it is against the policy of the law to allow parol evidence to add to, or vary it, as a general rule. But if the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, relief will be withheld upon the ground that the written paper must be treated as the full and correct expression of the intent, until the contrary is established." The same doctrine is laid down in *Story's Eq. Jur.*, §§ 153, 157; *Pomeroy Eq. Jur.*, §859; *Rawley* v. *Flannelly*, 30 N. J. Eq. R. 612; *Burger* v. *Dankle*, 100 Pa. St. 113; *Browdy* v. *Browdy*, 7 Pa. St. 157.

Under the present system of civil procedure in this State, issues of fact as distinguished from questions of fact, arising in equitable actions, as well as like issues arising in actions at

law, are to be tried by a jury. Whether this is wise or not, is not for us to determine; but it cannot be, that a jury should find the facts in respect to a question of mistake, such as that in this case, upon less evidence than a Chancellor would do, sitting in a court of chancery. The strength of reason leads to a different conclusion. The law contemplates that a jury shall find such issues, as nearly as may be, as a Chancellor would do in passing upon like issues. The Court should be careful to instruct the jury in such cases, as to the nature of the issue, the application of the evidence produced before them, and, especially, that the instrument in writing to be corrected, is, of itself, strong evidence of what is expressed in it; that, however, it is not absolutely conclusive; and that from the evidence they should be thoroughly satisfied of the mistake alleged, before they would be warranted in finding the affirmative of the issue submitted to them. The peculiar nature of such issues, renders it necessary that this should be done.

As we have said above, the Court will not, in the exercise of equitable jurisdiction in cases like this, grant relief, unless the proof of mistake be clear and satisfactory. Therefore, if the Court should be of opinion, that in no reasonable view of the whole of the evidence produced on the trial of the issue, it is sufficient to warrant a verdict ascertaining the fact of mistake, then it ought to direct the jury to find the negative of the issue. In the trial by jury of issues arising in equitable matters, the principles, doctrines and rules of equity, should be observed and applied, as nearly as may be, in the ascertainment of the facts. Otherwise, it would be difficult to administer equity at all in many cases. *Todd* v. *Campbell*, 32 Pa. St., 250; *Piersall* v. *Neile*, 63 Pa. St., 420; *Stockbridge Iron Company* v. *Hudson Iron Company*, 102 Mass., 45.

We are unable to determine the merits of the motion for judgment *non obstante veredicto*, because all the evidence in reference to the issue as to the alleged mistake has not been sent up. If the evidence was insufficient in any reasonable view of it, to warrant the jury in finding the fact of

mistake, then it may be, the appellants were entitled to judgment. The evidence should have been sent up, if the appellants desired to have the benefit of the exception in this respect.

There is error for which there must be a new trial. Let this opinion be certified to the Superior Court according to law. *It is so ordered.*

Error.                                                    Reversed.