SAMUEL L. WILLIAMS v. WILLIAM HODGES.

*Evidence—Parol Trust.*

To establish a parol trust in one who has acquired the title to land, something more than the simple declaration of the person sought to be charged is required; there must be proof of acts in connection therewith, inconsistent with a purpose on his part to purchase or hold the land for himself absolutely. (*Clement* v. *Clement,* I Jones Eq., 184, cited and approved).

This was a CIVIL ACTION, tried at Fall Term, 1885, of HYDE Superior Court, before *Shepherd, Judge.*

The plaintiff alleged in substance, that sometime in the year 1883, the defendant, one Simmons and himself, agreed that they would jointly purchase for their common benefit, a tract of land then about to be sold ; that accordingly at the sale thereof, the land was bid off by the defendant, and the title conveyed to him by a proper deed ; that it was a material part of the agreement that the defendant should convey one hundred acres of the land, properly designated, to the plaintiff, and another part thereof to said Simmons ; that by the agreement the defendant supplied the purchase money, with the understanding that the plaintiff and Simmons should afterwards pay to him their respective parts of it with interest thereon ; that afterwards, the defendant made title to Simmons for his part of the land ; that shortly afterwards, the plaintiff tendered to the defendant the money so supplied for him, with the interest due thereon, and demanded that he make to him title for that part of the land he was entitled to by the agreement, he being at the time and ever afterwards until the trial in possession thereof ; that the defendant refused to receive the money so tendered and make title to the plaintiff.

The defendant denied the material allegations of the complaint.

At the trial, proper issues were submitted to the jury. The plaintiff introduced several witnesses, including himself, and the defendant testified in his own behalf, denying the main allegations of the plaintiff.

The defendant asked the Court to instruct the jury, that there was not sufficient evidence to go to the jury or to warrant the Court in declaring the defendant a trustee.

The Court declined to give the instructions, and the defendant excepted. There was verdict and judgment for the plaintiff, and the defendant appealed.

No counsel for the plaintiff.
*Mr. Ed. C. Smith,* for the defendant.　　　3

MERRIMON, J. (after stating the facts). We are unable to see any ground upon which the exception can be sustained. In our judgment, there was evidence competent and abundantly sufficient to go to the jury to prove the material allegations of the complaint put in issue by the answer, if the jury believed it. Several witnesses testified directly and expressly to the agreement as alleged, and others, to facts and circumstances that tended to prove the same thing.

It is not denied that the agreement is one that must be upheld, and may be enforced if it exists, and being so, it is quite clear that it may be proven by any competent evidence, and certainly by the evidence of witnesses, who testify that they had personal knowledge of its existence and what it was.

There is nothing in the nature of a parol trust in respect to land in this State, that makes it necessary to establish it by a particular or peculiar sort of evidence—it may be done by any competent evidence that tends to prove it, whether it be declarations in part, or facts and circumstances, or the positive testimony of witnesses, or written evidence.

The defendant's counsel insisted on the argument, that the simple declarations of the defendant were not sufficient evidence of the alleged parol agreement on his part to purchase the land in question, and afterwards convey a specified part of it to the plaintiff, upon the payment of the price agreed upon. This may be true, but the plaintiff did not rely mainly, if at all, upon the declarations of the defendant to prove the agreement; he relied upon the testimony of witnesses, who testified positively that within their own knowledge, respectively, it was made substantially as alleged.

It was further insisted, that in order to establish such parol trust as that alleged, the plaintiff must prove facts and circumstances *dehors the deed* made to the defendant, inconsistent with his purpose to make an absolute purchase of the land for himself, and the counsel relied upon *Clements* v. *Clements,* 1 Jones Eq., 184. If this were true, such evidence was produced on the trial.

It was in evidence that the plaintiff was in possession of the land he seeks to have the defendant convey to him, at the time the latter made the purchase, and ever afterwards until the time of the trial, and the defendant had not required rent or complained of such possession ; and that the defendant, in pursuance of the agreement, conveyed to Simmons the part of the land he was by its terms to have.    Indeed, in a sense, all the evidence went to prove facts and circumstances *dehors* the deed.

The case cited and other like cases are in nowise inconsistent with what we have here said.    These cases simply decide, that cases of parol trusts, in some of their features, like that sought to be established by this action, cannot be proven by the simple declarations of the party to be charged ; that in addition there must be evidence of facts and circumstances or acts *dehors* the deed, absolute upon its face, made to the purchaser of the land, inconsistent with a purpose on his part to purchase absolutely for himself.

They do not, however, decide that such parol trusts must necessarily be so proven, or proven by a particular kind or standard of evidence, or that they may not be proven by any competent evidence, such as that of witnesses who can testify expressly that the parties interested agreed, for proper consideration, upon such a trust.

The question whether more than a preponderance of evidence is necessary to warrant the jury in rendering a verdict in favor of such a trust as that in question, is not raised by the exception. It is clear that there was evidence sufficient to go to the jury, and if they believed it, it was abundantly adequate to warrant the verdict they rendered.    There is no error.    Judgment affirmed.

No error.                                        Affirmed.