G. B. HARDING and T. R. HARDING v. JOHN LONG et al.

*Fraud, Undue Influence and Mistake—Evidence to Establish Fraud—Judge's Charge on Issues of Fraud, Mistake, &c.*

1. The rule governing the *quantum* and quality of proof required to sustain allegations of fraud, undue influence and mistake, in the execution of written instruments, and to establish resulting trusts, is as follows: (1) In cases in which relief is sought on the ground of mutual mistake, mistake of one party and fraud on the part of the other, or that a deed was drawn by mistake an absolute deed, when it was intended as a mortgage or deed of trust, or it is sought to establish a resulting trust, based on a verbal agreement to buy for another, or to set up a lost deed, in all these cases such allegations, of the party seeking the relief, as are necessary to show his right to it, *must be established by clear and convincing proof; and evidence dehors the deed and inconsistent with it must be shown.* (2) But where it is sought to have a deed declared void

103—1

because its execution was obtained by false and fraudulent representations or undue influence, or because it was executed with intent to hinder, delay, or defeat creditors, the allegations material to establish the fraud *must be proven so as to produce belief of their truth in the minds of the jury, or so as to satisfy the jury of their truth, or to the satisfaction of the jury.*

2. The rule as above stated is perfectly consistent with all of the decisions of this Court. The cases of *Lea* v. *Pearce* and *Ely* v. *Early* are consistent, and both are affirmed.

3. Where the issue was, whether a deed had been obtained from the bargainor by fraud and undue influence practiced by the bargainees, it was error to instruct the jury that the bargainor must establish the fraud, &c., by such proof as would satisfy the jury "beyond all reasonable question."

This was a SPECIAL PROCEEDING FOR DOWER, begun before the Clerk of the Superior Court of YADKIN County, transferred to the Superior Court in term for trial, and tried before *Philips, J.,* and a jury, at Spring Term, 1889, of Yadkin Superior Court.

There was a verdict and judgment in favor of the plaintiffs, and the defendants appealed.

The defendant Mary E. Harding had executed a deed for her unassigned dower in the lands of her deceased husband, to the plaintiffs, who were his brothers, for the consideration of two hundred and seventy-five dollars. When the plaintiffs asked, before the Clerk in this proceeding, to have dower assigned to them as her grantees, in her husband's land, she answered that the plaintiffs, her brothers-in-law, had her confidence, and, taking advantage of her distress immediately after her husband's death, made false and fraudulent representations as to the condition of his estate, especially the probable value of her dower after selling the land to satisfy a debt, secured by mortgage thereon, and thereby induced her to execute said deed.

The following issue was submitted to the jury:

" Was the deed described in the petition of the plaintiffs obtained from the defendant Mary E. Harding through fraud or undue influence on the part of plaintiffs?"

In support of the affirmative of this issue, the defendant Mary E. Harding introduced testimony tending to show fraud and undue influence by representations made by the plaintiffs, her brothers-in-law, that the estate of her husband would be worth very little after the payment of debts.

Plaintiffs introduced testimony to the contrary.

The other material facts are stated in the opinion.

*Mr. J. B. Batchelor*, for the plaintiffs.
*Messrs. A. E. Holton* and *W. B. Glenn*, for the defendants.

AVERY, J. (after stating the facts). We think that the Judge who tried the case erred in instructing the jury as to the measure of testimony required to establish the allegation, that the execution of the deed had been procured by fraud or undue influence.

Defendant asked the Court to instruct the jury :

" That if the price paid by the plaintiffs was so inadequate as to amount to apparent fraud, or the situation of the parties so unequal as to give the plaintiffs the opportunity of making their own terms, that the burden rests on the plaintiffs to show that the transaction was fair, and that there was no fraud or undue influence."

The Court charged the jury as follows :

" The defendant Mary E. Harding claims that the deed executed was obtained from her by the fraudulent misrepresentations of the plaintiffs, and that advantage was taken of her situation and distress consequent upon the recent death of her husband.

" The plaintiffs claim that she acted voluntarily, with a full knowledge of her rights and what she was doing; that no fraudulent misrepresentations were made or fraudulent

and controlling influence was exercised to induce her to make the deed. Mere inadequacy of price alone is no ground for setting aside the deed executed by Mary E. Harding. Fraud or undue influence must be proved, and the burden is upon the defendant Mary E. Harding, who seeks to set aside the deed, to satisfy the jury, by clear, strong and convincing proof, that fraudulent misrepresentations were made or a fraudulent and controlling influence was exercised, to induce her to make the deed which she would not otherwise have made.

" Unless the jury are so satisfied beyond all reasonable question, they must answer the issue, ' No.'

" If it does so satisfy them, they will answer, ' Yes.'

" If the jury find that she acted voluntarily, with a full knowledge of her rights and what she was doing, they will answer the issue, ' No.'

The jury, after consideration, answered the issue, " No."

In order to give proper effect to the words " so satisfied," we must consider the instruction as if the language used had been the following: " Unless the jury are satisfied, beyond all reasonable question, that the fraudulent representations were made, or a fraudulent and controlling influence was exercised, to induce her to make the deed, which she would not otherwise have made, they must answer the issue, ' No.' "

In *Lea* v. *Pearce*, 68 N. C., 77, it was held by this Court to be error to instruct a jury that fraud must be proven beyond a reasonable doubt in order to justify a verdict finding fraud. In the opinon, Chief Justice PEARSON, for the Court, says: " It is very questionable, whether this formula, which has been acted upon, in the trial of capital cases, has answered any useful purpose; *but it has never been extended to civil actions.* The rule is, if the *evidence creates in the minds of the jury a belief that the allegation is true, they should so find.*"

The facts in that case were that the plaintiffs alleged that one of the defendants, taking advantage of the friendly and confidential relations subsisting between him and the relator under whom the plaintiffs claimed, fraudulently induced her to sign a deed conveying her land to the other defendant, his wife.

Here the *feme* defendant's brothers-in-law are charged with having abused her confidence, and induced her to convey her dower interest. There is no sufficient allegation, in either case, that the relations were such as to raise a presumption in law of fraud, so as to shift the burden and require the party charged with the fraud to rebut it by satisfactory evidence.

The issue in that cause, as in this, was, under the former practice, cognizable only in a court of equity. We are unable to draw any distinction between "proving beyond reasonable doubt" and "beyond reasonable question," unless we treat the latter expression as the stronger of the two. One of our leading lexicographers defines question to mean (in such connections as that in which it appears in the charge of the Judge) "doubt"; another, "dispute"; so, if the former definition be adopted, the words are synonymous; if the latter be correct, it may be that there is still room for dispute when the doubt, that lingers in the mind, is no longer within the domain of sound reason.

The rule, that the evidence must be sufficient to produce belief in the minds of the jury, that the allegation of fraud is true, in order to invalidate and set aside a deed, is equivalent to saying, that the fraud alleged must be proven to the satisfaction of the jury, or so as to satisfy the minds of the jury of their truth; and this has been declared by this Court to be very different in its import from proving a fact beyond a reasonable doubt. *State* v. *Ellick*, 2 Winston, 36; *State* v. *Vann*, 82 N. C., 631. In *State* v. *Vann*, Justice DILLARD, for the Court, says, in reference to testimony offered in behalf of a prisoner: "And in making such extenuating or acquitting

proofs, the law put on him the onus to do so, *not excluding all reasonable doubts, but merely* to the extent of *satisfying the jury.*" On the other hand, in *State* v. *Payne,* 86 N. C., 609, Justice ASHE delivering the opinion, after calling attention to the fact that, in *State* v. *Ellick,* the erroneous principle stated in *State* v. *Peter Johnson* had been overruled, and a defendant was no longer required to establish mitigating or justifying circumstances beyond a reasonable doubt, says further : " In it (referring to *State* v. *Ellick*) is corrected what we consider as erroneous in the decision of *Com.* v. *York,* that matters of excuse or extenuation, which the prisoner is to prove, must be decided according to the preponderance of evidence. *It is never correct to say, as we think, that they must be proved to the satisfaction of the jury.*"

The exact language used by the Court in *Lea* v. *Pearce, supra,* was adopted in the instruction given by the Court below in *McLeod* v. *Bullard,* 84 N. C., 515, and, being excepted to, was approved by this Court in overruling the exception. Counsel for the plaintiffs insisted that the rule laid down for this Court by Justice MERRIMON in *Ely* v. *Early,* 94 N. C., 1, as applicable where actions are brought to correct deeds, must govern this case.

The language used in *Ely* v. *Early,* and made the basis of instruction in this case, to which it was never intended to apply, was as follows:

"That the Court may, in the exercise of its equitable jurisdiction, correct a mistake in a deed or other written instrument, such as that alleged in the complaint, is not controverted; but it will do so only when the mistake is made to appear by clear, strong and convincing proof," &c.

Speaking of the deed, the Court say further: "In such cases the Court will not disturb the deed or other writing, and upon the strong ground that the parties have agreed to make the writing evidence between them, as to the matters contained in it. It must stand until, by a weight of proof

greater than itself, a court of equity, in the exercise of a very high and delicate jurisdiction, shall correct it." That action was brought by the plaintiff in part, to correct a deed, made by mutual mistake of the grantor and grantee, as alleged, and it will be observed that the Court, in express terms, lay down a rule, applicable only where parties ask the equitable relief of correcting a deed. There was no reason why the distinction should have been then drawn between the degree of proof, necessary in cases of that kind, and other causes involving an issue of fraud.

In *Loftin* v. *Loftin*, 96 N. C., 194, it was held that the evidence of the existence and loss of a deed, offered with a view of setting it up, must be clear and convincing. *Deans* v. *Dortch*, 5 Ired. Eq., 331; *Fisher* v. *Carroll*, 6 Ired. Eq., 485, and *Plummer* v. *Baskerville*, 1 Ired. Eq., 252, were cited to sustain the view of the Court.

In *Hemphill* v. *Hemphill*, 99 N. C., 436, this Court held that a deed, absolute upon its face, cannot be corrected so as to convert it into a trust, upon a mere preponderance of evidence, or without some facts *dehors* the deed, inconsistent with the idea of absolute ownership, but only upon such full proof as, in the old Court of Equity, would satisfy a Judge."

This view is sustained by a long line of cases in our own Court: *Briggs* v. *Morris*, 1 Jones' Eq., 194; *Taylor* v. *Taylor*, ibid., 246; *Kemp* v. *Earp*, 7 Ired. Eq , 167; *Moore* v. *Ivey*, 8 Ired. Eq., 192.

The principle announced in *Ely* v. *Early* is fully sustained both by our own decisions and other authorities. *Harrison* v. *Howard*, 1 Ired. Eq., 407; *Brady* v. *Parker*, 4 Ired. Eq., 430; *Newsom* v. *Buffalow*, 1 Dev. Eq., 379; *Clemmons* v. *Drew*, 2 Jones' Eq., 314; *Wilson* v. *Land Co.*, 77 N. C., 445; *Buryer* v. *Denkle*, 100 Pa. St. Reports, 113; Story's Eq. Jur., secs. 153 to 158; Pomeroy's Eq. Jur., secs. 858 and 859.

We search in vain among our own decisions, and counsel have referred to none, where proof so full and clear has been

required in order to establish the allegation, that the execution of a deed was procured by false and fraudulent representations in order to hinder, delay or defeat creditors, and the case of *Lea* v. *Pearce, supra,* which has been so often cited upon another point, is express authority to show that proof satisfactory to a jury is sufficient in such cases. We cannot agree that the line should be drawn so as to require convincing proof, in all cases heretofore exclusively cognizable in a court of equity. The weight of authority is against that view.

Bigelow, in his work on Fraud (p. 474, ch. 17, § 3) declares the rule to be as follows :

" It is not necessary for the evidence to *show beyond a reasonable doubt* that a *party is guilty* of fraud.

" It is settled law, that, upon a trial of a civil action in which the claim or defence is based on alleged fraud, the issue may be determined on the preponderance or weight of evidence, *except* in *cases* of *resulting trusts arising on verbal agreements* to *buy for another.*

"In other cases of fraud, nothing more is required than that the evidence should be *sufficient* to *satisfy the conscience of a common man,* although the evidence does not amount to absolute certainty. Evidence of fraud is not required to be more direct and positive than that of facts and circumstances, leading to the conclusion that it was committed. Hence, an instruction to the jury, that the fraud in question could not be proved by them except upon clear and undoubted proof of it, is erroneous."

The view of that author, that fraud may be proven by a mere preponderance of evidence, is supported by eminent text writers and other authority. Wait on F. C., 281; *Pointer* v. *Drew,* 40 Pa., 467; *Rea* v. *Missouri,* 17 Wallace, 532; *Clake* v. *White,* 12 Pel., 224.

We conclude, therefore, that the true rule, as far as our own adjudications have settled the question, is that, in order to get the aid of a Court to correct a deed, whether on the

ground of *mutual* mistake of one of the parties, and fraud on the part of the other, that it was drawn, by mistake, an absolute deed, when it was intended to be a mortgage or deed of trust, or to establish a resulting trust arising on a verbal agreement to buy for another, or to set up a lost deed, such allegations of the party seeking the relief, as are necessary to show his right to it, must be established by clear and convincing proof, and evidence *dehors* the deed, and inconsistent with it, must be shown in order to set up a parol trust, or have any deed reformed. *Williams* v. *Hodges*, 95 N. C., 32; *Smiley* v. *Pearce*, 98 N. C., 185; *Shield* v. *Whitaker*, 82 N. C., 516.

But, on the other hand, when the relief demanded by a party is, that a deed shall be declared void, because its execution was procured by false and fraudulent representations or undue influence, or that it was executed with intent to hinder, delay or defeat creditors; the allegations material to establish the fraud must be *proven, so as to produce belief of their truth in the minds. of the jury, or so as to satisfy the jury of their truth, or to the satisfaction of the jury.*

It may be that other cases will arise hereafter that will fall on the one side or the other of the line. This view of the case is perfectly consistent with all of the decisions of this Court.

Bump, in his work on Fraudulent Conveyances, pp. 562 and 563, says what is equivalent to the rule laid down by Chief Justice PEARSON: " If the evidence is admissible, as conducing in any way to the proof of the fact, *the only legal test applicable* to it, *upon such issue, is its sufficiency to satisfy the mind and conscience* and *produce* a *satisfactory conviction or belief.* What amount of weight of evidence is sufficient proof of a fraudulent intent, is not a matter of legal definition." It seems that the author expresses his view of the measure of testimony necessary to warrant a verdict on issues of fraud in language almost identical, and in words certainly

equivalently in meaning to the rule laid down by Chief Justice PEARSON in *Lea* v. *Pearce, supra.* The author says, subsequently, what still more strongly sustains our view : " It ss not necessary, however, that the fraud shall be proved beyond a reasonable doubt."

In Kerr on Fraud and Mistake, p. 382, we find that the author's view of the amount of evidence necessary to establish fraud is also expressed in language of the same import as that used in *Lea* v. *Pearce:* " Fraud will not be carried one tithe beyond the manner in which it is proved to the satisfaction of the Court." On page 384, the same author says : " It is not, however, necessary, in order to establish fraud, that direct affirmative or positive proof of fraud be given. In matters that regard the conduct of men, the certainty of mathematical demonstration cannot be expected or required. Like much of human knowledge on all subjects, fraud may be inferred from facts that are established." In a note to the foregoing paragraph, Bump says (p. 385, note) : " This means no more than that the proof must be such as to *create belief,* and not merely suspicion. A rational belief should not be discarded because it is not conclusively established."

The distinction that we have drawn in working out the line dividing the causes of action, that cannot be established without clear and convincing evidence, and in some cases proof *dehors* a deed and inconsistent with it in its original shape, and the ordinary issues of fraud falling under the general rule, that it is sufficient to prove fraud to the satisfaction of the jury, is sustained by sound reason as well as high authority. One who comes into a court of conscience, declaring that he is in truth a party to a deed, that is the highest and most solemn evidence of his contract, and asks, that while the contract is allowed in part to stand, some of the provisions or stipulations shall be altered by striking out portions of the deed, and inserting in lieu contradictory

expressions, and asking a court of equity, in effect, to assist him in avoiding a statute enacted to prevent frauds, because its rigid enforcement and a strict adherence to the law of estoppels may work a remediless wrong, without such relief, occupies a different position from one who disowns *in toto*, for himself or those under whom he claims, a deed, apparently executed upon the ground that its execution was procured by fraud or undue influence, or from one who asks to set aside the deed of another, as in fraud of the rights of creditors or subsequent purchases for value.   The former should be held to stricter and stronger proof to establish his right to the relief asked.

So, too, one who invokes the aid of a court to set up, by parol evidence and in the face of the denials of those interested adversely, a solemn deed, the stipulations of which are sometimes void, unless in writing, on the ground that it has been once executed, but has been lost or destroyed, is properly required to produce the clearest evidence of loss; because, if the rule were otherwise, a premium would be offered for perjury, and the rights of honest men would be imperiled by the groundless claims of those who are mercenary and dishonest.

While we have drawn the line of distinction between the two classes of actions, of which *Lea* v. *Pearce* is selected as the representative head on the one hand, and *Ely* v. *Early* on the other, it is not improper to emphasize and support, by more explicit citation of authority, the statement already made that, as applicable to allegations of mistake requiring, as the appropriate remedy, the reformation of a deed, the language used in the latter cause and adopted by the Judge below in his charge, is not stronger than is warranted by older decisions of our own Court, and sanctioned by such writers as Story and Pomeroy.   We find an intimation by TAYLOR, J., in *Newsom* v. *Buffalow*, 1 Dev. Eq., 379, that the allegation in such cases must be proven " beyond rational doubt."

The authorities already cited show repeated recognitions of the rule that the proof must be clear and convincing.

Judge Story (in his work on Equity Jurisprudence, sec. 153), referring to causes in which one asks the Court to correct a deed on the ground of mistake, says: "The proof must be such as will strike all minds alike as being unquestionable· and free from reasonable doubt. The distinction here attempted to be defined, in regard to the measure of proof, is much the same which exists between civil and criminal cases, or that distinction which is expressed by a fair preponderance of evidence and full proof."

Pomeroy states the rule, in reference to proof in correcting mistakes, quite as broadly: "Courts of equity do not grant the high remedy of reformation upon a probability, or even upon a mere preponderance, but only upon a certainty of error." Pom. on Eq. Jur., sec. 859.

We have not deemed it necessary to discuss the other exceptions, as that to the charge is decisive of the right to new trial

For the error complained of in his Honor's charge, a new trial will be awarded.

Error.                                        *Venire de novo.*