* W. A. BLOUNT v. JULIA WASHINGTON et. al.

*Parol Trust—Statute of Frauds—Evidence—Consideration— Contract.*

1. A parol declaration by a vendee, made after the execution of the deed, absolute on its face, is not sufficient to raise a trust in favor of the vendor or anyone by his direction.

2. Even if such declaration was made contemporaneous with the deed, it would be essential to establish it by some proof outside of, or in corroboration of that of the vendor.

3. A parol promise, made by a vendee after the execution of the deed, to convey to such persons as the vendor might direct, is void under the statute of frauds ; and where the contract is denied the Courts will not enforce it, although it is shown that a consideration passed.


    This was a CIVIL ACTION, tried at the November Term, 1890, of the Superior Court of LENOIR County, before *Armfield, J.*

    The plaintiff, in his complaint, in substance, alleged that in 1875 he owned a tract of land known as "Vernon;" that

---

* CLARK, J., did not sit on the hearing of this case.

at the request of John C. Washington, he, by deed, absolute on its face, conveyed it to the defendant Julia; that at and before the making of this deed, said John, on behalf of said Julia, agreed with plaintiff that out of the rents and profits of said land the defendant Julia should pay off the mortgage then upon said land, and should convey or devise it to the wife and children of plaintiff, subject to a life-estate for defendant Julia and her husband John; that the $125 recited in the deed was a mere nominal consideration, but the true consideration was the contract and agreements above stated.

W. A. Blount (the plaintiff in the case) being on the stand, offered to prove, by his own testimony, that the deed was made and agreed to between Mr. Washington and himself, and that the contract or condition alleged in the complaint was agreed on between Mr. Washington and himself, and that Mrs. Washington afterwards came into the room, accepted the deed and paid the purchase-money, if any was paid, and that afterwards Mrs. Washington was informed of said conditions, and she assented to the same.

To this testimony the defendant objected. Objection sustained, and plaintiff excepted. Plaintiff thereupon submitted to a judgment of nonsuit, and appealed.

It was admitted that the property in controversy formerly belonged to the late John C. Washington; that it was mortgaged to James A. Bryan, executor of James W. Bryan, for about $25,000; that while this mortgage was due and unpaid, executions issued against the said John C. Washington, amounting in the aggregate to many thousand dollars; that the equity of redemption was sold under these executions some time in the year 1873, and purchased by the plaintiff Blount for the sum of $125; that in September, 1876, the said John C. Washington and wife mortgaged one-half of said lands (the Bryan mortgage being still unpaid, and unpaid now) to the defendant Knox, and again, in May,

1885, mortgaged the whole to secure the indebtedness of said John C. to her; that John C. Washington died in 1887.

Defendant Knox had no notice of any equity of any kind, as claimed by the plaintiff.

*Mr. W. B. Rodman, Jr.,* for plaintiff.

*Mr. H. R. Bryan* (by brief) and *Mr. George Rountree,* for defendant Knox.

AVERY, J.—after stating the facts: The deed being absolute upon its face, if the plaintiff seeks in this action to set up a trust in favor of his wife and children to compel the defendant, Mrs. Julia Washington, to convey to them, subject to her life-estate, proof that she declared orally, after the deed to her was executed by Blount, that she assented to a previous parol agreement between her husband and Blount, and would convey or devise the land in controversy according to its terms, would be insufficient to raise a trust in favor of the wife or children, and, consequently, to give the plaintiff a standing in Court. *Pittman* v. *Pittman,* 107 N. C., 159; *Smiley* v. *Pearce,* 98 N. C., 185.

If the plaintiff had proposed to prove that the declaration of trust was cotemporaneous with the execution of the conveyance, it would have been essential to have shown some outside fact corroborative of the plaintiff's testimony, and there was no proposition (if that would have been sufficient) to connect it with other evidence. *Shields* v. *Whitaker,* 82 N. C., 516; *Harding* v. *Long,* 103 N. C., 1; *Smiley* v. *Pearce, supra; Williams* v. *Hodges,* 95 N. C., 32; *Edgerton* v. *Jones,* 102 N. C., 278.

But, while the plaintiff's counsel admits that the contract, being in parol, is voidable and cannot be enforced without the assent or despite the objection of Mrs. Washington, as a general rule, he insists that the testimony offered, if found by the jury to be true, would bring this case within the

principle laid down in *Burns* v. *McGregor*, 90 N. C., 222, and approved in *Hodge* v. *Powell*, 96 N. C., 64; *Walker* v. *Brooks*, 99 N. C., 207, and *Boyd* v. *Turpin*, 94 N. C., 138.    The defendant Washington is standing strictly on the defensive.   She is asking simply to be left undisturbed in the enjoyment of whatever right or interest she still retains in the land.    Her objection to the testimony is equivalent to a demurrer to its sufficiency, if admitted.

If it be admitted that the plaintiff would testify that she came into the room where he and her husband were conversing, when the former delivered to her the deed for the land, and she, in return, paid him whatever consideration passed, and that, subsequent to this transaction, she was informed of the agreement between her husband and plaintiff•that she should devise or convey the land, subject to the estate of herself and husband for their lives, still the objection that the alleged parol contract, being denied, cannot be enforced, is, it seems, insurmountable.    *Holler* v. *Richards*, 102 N. C., 545; *Bonham* v. *Craig*, 80 N. C., 224; *Fortescue* v. *Crawford*, 105 N. C., 30.   It is impossible to disguise the fact that the demand of the plaintiff is founded exclusively upon a parol promise to convey or devise, made after conveyance had been delivered to her for a consideration, and, therefore, the agreement which he seeks to enforce is not supported by any consideration, and is void under the statute of frauds.    Plaintiff's counsel seems to concede that there is no ground for declaring Mrs. Washington a trustee for the wife or children of the plaintiff, or for his benefit.

We cannot concur in the view that the doctrine established in *Burns* v. *McGregor*, *supra*, has any application here.   It was the folly or misfortune of the plaintiff that the agreement between the defendant Washington and himself was not embodied in the conveyance to her, or some deed made contemporaneously by her, and his *laches* in this respect is not avoided or excused because the husband of the defendant

induced him, by promises on her behalf, to execute and deliver the deed. She paid a consideration and took the deed without contemporaneous promise. She could not, even upon the payment of a consideration to her afterwards, by a mere verbal promise, ratify and give validity to a void parol agreement made by him, whatever she might have accomplished by a writing in proper form recognizing his agency and confirming his contract. But if the plaintiff had subsequently conveyed to her another tract of land, reciting in the deed that the consideration moving him to its execution was her parol promise to reconvey or devise the remainder in fee after the estate for the joint lives of herself and husband in the place known as Vernon to his wife and children, and it had been made to appear, as in our case, that she had encumbered Vernon by mortgaging it to secure a large debt, an application to a Court of Equity to compel her to reconvey the land last conveyed to her or to relieve Vernon of encumbrance, and execute a deed for the remainder in fee in it to plaintiff's wife and children, would perhaps present a case analagous to those relied on.

It does not appear that Mrs. Washington is retaining the fruits of an agreement which she cannot be compelled on account of coverture to perform, nor that she is holding property which appears from any deed or writing (valid under the statute of frauds) to have passed to her as a consideration for performing some verbal agreement on her part, which she now proposes to repudiate and shield herself from carrying it out by setting up the statute of frauds or the disability of coverture as a bar to its enforcement. Mrs. Washington holds now the equity of redemption in Vernon plantation, having conveyed it by mortgage deed to secure the debt due to Mrs. Knox. She came into the room where her husband and plaintiff were engaged in conversation and accepted a deed for the place, paying a consideration, which may have been only $125, and totally

inadequate, so far as the value is concerned. But the transaction was complete, and the land passed to her discharged of any equity of the plaintiff growing out of the understanding with her husband, and her verbal promise subsequently made could no more pass to the plaintiff a right to demand in equity a reconveyance to him, than. it could operate as a declaration of trust in favor of his wife and children. If the plaintiff could establish his right in equity to demand of Mrs. Washington a reconveyance of the remainder, it would still devolve upon him to show that Mrs. Knox had notice of his claim before she loaned her money and took the lien upon the land to secure her. But we think that there was no error in the ruling of the Court. below, and, therefore, the judgment of nonsuit must stand, so far as we can see from the evidence. It may be that there was additional evidence as to the agency of the husband that would present a new phase of the case.

Affirmed.