## PERRY v. INSURANCE CO.

(Filed February 21, 1905).

*Evidence—Degree of Proof—Award—Fraud—Insurance, Proof of Loss—Waiver—Verdict.*

1. The only two classifications of evidence applicable to civil actions are: *a.* Those facts which must be established by a preponderance of the evidence or to the satisfaction of the jury. *b.* Those facts which must be established to the satisfaction of the jury by clear, cogent and convincing proof.

2. In order to set aside an award of arbitrators on the ground of fraud, bias or undue influence, it is not necessary to establish the facts to the satisfaction of the jury by clear, cogent and convincing proof.

3. While an action for damages for loss on a "standard" fire insurance policy cannot be maintained unless it is alleged and proved that proof of loss has been made before action brought, yet proof of loss can be waived and is waived by an agreement to arbitrate.

4. Where the finding of a jury upon one issue is amply sufficient to support the judgment, it is not reversible error for the Court to fail to give prayers directed to other issues, which should have been given.

5. An award may be vitiated by two kinds of fraud: positive, as by some act that can be proved; or inferential, where the circumstances so strongly point to dishonesty that the Court will consider the fact of its existence to be clearly indicated.

6. While inadequacy alone is not sufficient to set aside an award, yet if an award is so grossly and palpably small and out of all proportion to the amount of actual damage as to shock the moral sense and conscience, this is sufficient evidence to be submitted to the jury, tending to show fraud and corruption or strong bias and partiality on the part of the arbitrators.

ACTION by E. B. Perry, guardian, against the Greenwich Insurance Company, heard by *Judge Fred. Moore* and a jury, at June Term, 1904, of the Superior Court of HALIFAX County. From a judgment for the plaintiff, the defendant appealed.

*E. L. Travis, Claude Kitchin, W. E. Daniel* and *Howard Alston,* for the plaintiff.

*Busbee & Busbee,* for the defendant.

BROWN, J.   This is a civil action to recover a loss upon a policy of insurance on account of damage to plaintiff's dwelling by lightning, and to set aside an award of arbitrators because of fraud, corruption, bias and undue influence.   These issues which were submitted to and answered by the jury sufficiently disclose the nature of the action:

1. "Has there been an arbitrament and award as to the amount of damages to which plaintiff is entitled under the insurance policy attached to the complaint?   'Yes.' "

2. "Was the appraiser Ellington at the time of the alleged arbitration disinterested?   'No.' "

3. "Was the appraiser Faucette unduly, fraudulently and corruptly influenced and controlled in the interest of the defendant by said Ellington?   'Yes.' "

4. "Were said appraisers partial to and strongly biased and prejudiced in favor of the defendant?   'Yes.' "

5. "Did plaintiff file with defendant notice and proof of loss as required by said policy?   'No.' "

6. "Did defendant waive notice and proof of loss?   'Yes.' "

7. "What were the damages done by lightning and fire to the property included in the policy?   '$750, with interest from the time it was due until paid.' "

The defendant appealed from the judgment rendered and assigned eighteen exceptions in the record as error.   Exceptions 1, 2 and 3 relate to the admission of evidence and in our opinion are without merit.   *Boggan v. Horne,* 97 N. C., 270.   The contentions of defendant appellant as summarized from the numerous exceptions, are:

1. That in this case the plaintiff must establish the allegations of the complaint by clear, strong and convincing testimony before the award can be set aside.

2. That, it being admitted that no proof of loss has been furnished defendant by plaintiff, he cannot maintain this action.

3. That there is no evidence in the record sufficient to go to the jury upon the issues 2, 3 and 4 relating to the fraud, interest and bias of the arbitrators.

The first contention cannot be sustained.    In this State the degree or intensity of proof required in civil actions has been divided into two classifications only: 1. Those facts which must be established by a preponderance of the evidence or to the satisfaction of the jury.    A jury is not justified in finding any fact unless the evidence is sufficient to satisfy their minds of its truth, or, what is equivalent and practically the same thing, creates in their minds a belief that the fact alleged is true.    This we take to be substantially what is said by *Chief Justice Pearson* in *Lee v. Pearce,* 68 N. C., 77. 2. Those facts which must be established to the satisfaction of the jury by clear, cogent and convincing proof.    *Ely v. Early,* 94 N. C., 1.    We take those to be the two classifications of evidence applicable to civil actions as settled by numerous decisions of this Court.    *Lee v. Pearce, supra,* and *Harding v. Long,* 103 N. C., 1, represents the first-named class, and *Ely v. Early, supra,* and many other similar cases, represent the second.    That class of cases wherein it is sought to set aside deeds, decrees of judicial tribunals and awards of arbitrators upon the ground of fraud, belongs to the first class. "In order to establish fraud, it is not necessary that direct affirmative or positive proof of fraud be given.    In matters that regard the conduct of men, the certainty of mathematical demonstration cannot be required.    Like much of human knowledge, fraud may be inferred from facts established. This means no more than that the proof must create a belief and not merely a suspicion."    Kerr on Fraud and Mistake, pp. 384, 385.    This subject is discussed with great clearness

and learning by *Avery, J.,* in *Harding v. Long, supra,* which case is cited and approved in many subsequent opinions. We would be but "threshing old straw" to discuss this contention of the defendant further.

The second contention cannot be maintained. We admit that it is settled law that an action for damages for loss on a "standard" fire insurance policy cannot be maintained unless it is alleged and proved that proof of loss has been made before action brought, in accordance with the terms of the policy. But proof of loss can be waived. We are of opinion that it has been, in this case, by the agreement to arbitrate and that his Honor was correct in so charging the jury. It has been generally held that a provision in a policy requiring proof of loss before commencing action is a reasonable one. The object is to give the insurer notice of the loss and of its extent and character, so the insurer may have an opportunity to investigate and settle the loss without being subjected to an action. When the insurer agrees to arbitrate, it is presumed he has investigated and is unwilling to pay the loss as claimed by the insured. In this case there was not only an agreement to arbitrate but an actual award of arbitrators, one of whom was selected by the defendant. If the award is abortive, it is not the fault of the plaintiff. In Pretzfelder's case such a defense is characterized by the present *Chief Justice* as "technical and not meritorious." 123 N. C., at page 166. In *Insurance Co. v. Hocking,* 115 Pa., 415, it is held that where arbitrators fail to agree upon an award the plaintiff is not compelled to submit to another arbitration but may forthwith bring his action in the courts. Where the insured claims that arbitration has failed because of fraud, there is no reason whatever why he should be required to go through the empty form of filing a proof of loss before he can commence his action to establish the fraud and recover his damages.

The Hocking case is approved in Pretzfelder's case, and we again give the decision the endorsement of this Court.

The third contention: After a careful examination of all the evidence, we agree with the defendant that there is no sufficient evidence that Ellington had any interest in the subject-matter of the award. There is no sufficient evidence that Faucette was corruptly influenced and controlled by Ellington in the interest of the defendant. Prayers for intructions numbered 10 and 12 directed to the second and third issues should have been given. But these are not reversible errors.

We are of the opinion that there was evidence proper to be submitted to the jury upon the fourth issue and that the finding of the jury upon that issue is amply sufficient to support the judgment rendered by the Court setting aside the award. There are two kinds of fraud which will vitiate an award: positive, as by some act that can be proved; or inferential, where the circumstances so strongly point to dishonesty that the Court will consider the fact of its existence to be clearly indicated. "A common case of inferential fraud is where the award is obviously and extremely unjust." Morse on Arbitration and Award, 539. "Where there is a charge of fraud or partiality made against an award, the fact that it is plainly and palpably wrong would be evidence in support of the charge, entitled to greater or less weight according to the extent or effect of the error and the other circumstances of the case. There might be a case of error in an award so plain and gross that a court or jury could arrive only at the conclusion that it was not the result of an impartial exercise of their judgment by the arbitrators." *Goddard v. King,* 40 Minn., 164. The settled rule, which is applicable not only to awards but to other transactions, is that mere inadequacy alone is not sufficient to set aside the award, but if the inadequacy be so gross and palpable as to shock the moral sense it is sufficient evidence to be submitted to the jury on the

issues relating to fraud and corruption or partiality and bias. Ostrander on Fire Insurance (2 Ed.), 596; 3 Cyc., 749; Bispham Equity (6 Ed.), 312; *Dorsett v. Mfg. Co.*, 131 N. C., 260.

The jury have assessed the damage to the house at $750. The arbitrators, Ellington and Faucette, assessed the damages at $73.50, not one-tenth of the sum awarded by the jury. Dr. Perry, one of the plaintiffs, testified that he had known Faucette twelve or fifteen years; that Faucette advised witness to take him as an arbitrator; that Faucette is a good contractor and builder and had examined the house, and told witness that the damages were $750, and advised witness not to take less, and for this reason the witness selected him. There was evidence offered by plaintiff tending to prove that the actual damage to the house was fully $750. The Court below charged the jury that the award is presumed to be legal and valid; "that if the award is so grossly and palpably inadequate, that is, so grossly and palpably small and out of all proportion to the amount of actual damage as to shock the moral sense and conscience and to cause reasonable persons to say 'he got it for nothing,' then the jury may consider this as evidence tending to show fraud and corruption or strong bias and partiality on the part of the arbitrators."

This charge is not only sustained by the law, but is expressed in well chosen language, for the use of which his Honor has the authority of the great names of *Pearson* and *Thurlow*.

"An inequality so strong, gross and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it" are the words in which *Lord Thurlow* expresses the idea. *Gwynne v. Heaton*, 1 Bro. C. C., 8; Bispham Equity (6 Ed.), 312, and many cases cited by that author in the notes, sustain his Honor's clear and well-expressed language. The judgment is

Affirmed.