## Case No. 4,037.

### DOW et al. v. CHAMBERLIN et al.

[5 McLean, 281.] [1]

Circuit Court, D. Michigan. June Term, 1851.

DEED AS MORTGAGE—PAROL EVIDENCE — EQUITY PROCEDURE AND PRACTICE—STATE STATUTES.

1. A deed absolute upon its face, may be shown by parol evidence, to have been intended as a security.

[Cited in Teal v. Walker, 111 U. S. 247, 4 Sup. Ct. 420.]

[See Amory v. Lawrence, Case No. 336; Andrews v. Hyde, Id. 377.]

2. But parol evidence is not admissible to contradict a written instrument.

3. Where a deed was given, with warranty, and a defeasance that the grantor should have a re-conveyance, if within twelve months, he should pay the debt. although in the meantime the grantee had a right to sell the whole or a part of the property at a price fixed, in payment of the debt, the deed will be considered as a security.

4. A statute of a state which regulates the procedure, on a bill of foreclosure. does not apply to the courts of the United States.

5. They do not derive their chancery jurisdiction, or their rules of practice. from state authority.

Mr. Lathrop, for complainant.

Mr. Emmons. for respondent.

OPINION OF THE COURT. This is a bill to foreclose a mortgage, and the question is, whether the property was given in payment or, as a security. The plaintiff recovered against the defendant Samuel Chamberlin and one David M. Hinsdale, a judgment for the sum of $756.93 and costs, on which an execution was issued on the 16th of January, 1847, which was levied upon certain real estate as the property of Chamberlin, and was advertised for sale. The counsel for the plaintiffs attended on the day of sale. and on examination found the property levied on much encumbered, so as to be insufficient to satisfy the judgment. And it was agreed that the levy should be released, on the defendant's executing a deed of general warranty to Dow, one of the plaintiffs, for certain lots in the village of Pontiac, which deed was duly executed. After the delivery of the deed, the following instrument was drawn up by the attorney of the plaintiffs, and delivered to the defendant: "Whereas, Samuel Chamberlin has this day executed to Marcus F. Dow, a warranty deed for lots 95, 96, 97, 107, 112, and 113, of the Eastern addition of the village of Pontiac to apply on an execution issued from the United States court in favor of Dow and others, against said Chamberlin and D. M. Hinsdale. Now this witnesseth, that the said Chamberlin or D. M. Hinsdale shall, at any time, within the ensuing twelve months, be entitled to the privilege of redeeming said lots, on payment of the said judgment so ren-

[1] [Reported by Hon. John McLean, Circuit Justice.]

dered against them by the said United States court in favor of said D. K. and S.; and the said plaintiffs hereby agree to reconvey said premises to said Chamberlin on payment of said sum of money as aforesaid; plaintiffs reserving, however, the right to sell any part of said premises when opportunity offers, provided they do not sell them at a less rate than $155 per lot, as this day appraised by persons named; and shall apply the proceeus thereof in liquidation of said judgment pro tanto." Parol evidence has been heard, not to explain any matter upon the face of the above instrument, or of the deed. but to show, beyond the instruments, the nature of the transaction.

The parol testimony casts very little light on the transaction. The statements of the witnesses were made from general impressions, the words spoken not being recollected. Buddington's impressions were, that Chamberlin refused to give the lots as collateral security, as that would take away his control over them, and leave the debt still unpaid. And Duffield says that twelve months were given to Chamberlin to sell the property. This placed the property within his control. unless each lot should sell for one hundred and fifty-five dollars. This may have removed Chamberlin's objection to giving a lien on the lots. At least it is as reasonable a conclusion as any which can be drawn, from the very vague parol testimony in the case. We must look to the two instruments chiefly, to ascertain the character of the transaction. The deed was absolute upon its face, and conveyed the fee, with warranty, to the grantee. And this being done in payment of the judgment, it is contended, the transaction was closed. That this was not the understanding of the parties appears from the fact, that the plaintiffs had the right to sell the lots at the price fixed. the proceeds to be paid, pro tanto. on the judgment. Now, if the judgment had been considered as discharged by the conveyance of the lots, why should the price of the lots be limited, and, particularly, why should the proceeds be applied in part discharge of the judgment? It is no satisfactory answer to this. that Chamberlin was desirous to have a re-conveyance of the lots, or, at least, a part of them, and therefore a limitation on the price was fixed. This limitation might have been agreed upon, without providing that the money received should be paid on the judgment. If that judgment had been discharged by the conveyance, of what importance could it be that the money received on the sale of the lots, should be paid on it? Could the parties have supposed that a double discharge of the judgment was necessary?

It is true the defeasance was written by the plaintiff's attorney, to secure a right to Chamberlin which he deemed of some importance; and which he received. and it is, therefore, evidence showing, to some extent,

the nature of the agreement. It does not appear that any evidence of the payment of the judgment was required. It would be an extraordinary transaction if an individual should pay a judgment in land or money, and take no evidence of the fact. The plaintiffs were not required to enter upon the record nor on the execution, satisfaction; and nothing seems to have been said of the propriety of giving a receipt. The written instruments show nothing in relation to the judgment, except that the proceeds of the lots sold were to be applied, pro tanto, to its payment. The deed and the defeasance are to be construed, as though they were but one instrument. The deed is absolute on its face, but to be defeated, and a re-conveyance made, if, within twelve months, Chamberlin should pay the judgment. The privilege of selling the lots, at a fixed price, by the grantee, was not exercised. If it had been, the judgment would have been discharged, in whole or in part, by a sale of a part, or the whole of the property, with the consent of Chamberlin. The effect of the arrangement was, to give Chamberlin twelve months to pay the money, which, if paid, brought back to him the land conveyed. We are satisfied that the deed was given as a security, and that it must be treated as a mortgage. It is clear that no personal liability is imposed by this transaction on Chamberlin, except by the general warranty of the title to the lots. But the liability under the judgment remains, it not having been paid by the conveyance of the lots. The suggestion that it was discharged by the levy on the unencumbered property, which levy was afterwards released, is not maintainable.

The defendant insists, that as the mortgage was given to secure, collaterally the judgment; and, as the bill states, an execution had been issued on the judgment, since the mortgage was executed, on which nothing has been done or return made, that the complainants cannot proceed until they have attempted to collect the judgment. The 109th section of the general chancery act of this state provides. "If it shall appear that any judgment has been obtained in a suit at law, for the moneys demanded by such bill, (of foreclosure) or any part thereof, no proceedings shall be had in such case, unless to an execution against the property of the defendant in such judgment, the sheriff shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution, except the mortgaged premises." Under this statute it has been held (1 Walk. Ch. 387) that a bill filed to foreclose a mortgage given to secure a judgment, is demurrable, unless it appear in the bill that an execution has been issued on the judgment, which has been returned unsatisfied, in whole or in part, and that the defendant has no property, except the mortgaged premises, to satisfy the judgment.

The complainants, in their bill, allege that on the 9th of October, 1848, they caused an alias writ of fieri facias to be issued on the judgment, yet no proceedings were had on said execution, and that the life of the same has long since expired. to wit, on the first Monday of December, 1848. That said execution is in their possession ready to be produced to the court. It is too late to make this objection, it is contended, at the final hearing. The statute is peremptory, but the court are not bound to take notice of it unless it shall be set up in the answer, or by demurrer where the facts appear upon the face of the bill. In the state courts the objection would be fatal to a further procedure in the case. But this provision of the statute being a rule of practice, belonging to the remedy, does not apply to the circuit court of the United States; neither its jurisdiction nor practice in chancery is derived from or governed by the state laws. In several of the states which have no courts of chancery, such a jurisdiction is exercised by the courts of the United States. The court will direct a sale of the mortgaged property, and enjoin the plaintiffs from issuing an execution on the judgment, until the order of this court.