Pjsakson, J.
 

 In February, 1848, the plaintiff borrowed of one Hull the sum of $160, for which he executed his note, with the defendant as surety; and to indemnify him, executed a deed, conveying to him several tracts of land. The deed was absolute on its face, but there was a parol agreement, that it should be void, provided the plaintiff paid off the note to Hull, or otherwise released the defendant from the suretyship. In March, 1849, the defendant notified the plaintiff, that he should insist upon being discharged from his suretyship, and the plaintiff endeavored to make sale of the land, with a view to pay off the note to Hull, tie did not succeed in effecting a sale, except a small portion, which he contracted to sell to one York. About the 1st ot April, it was agreed between the plaintiff and defendant, that the defendant should purchase all of the land, except fifty acres, at the price of $269, and should discharge the note to Hull in part payment. Accordingly, on
 
 *293
 
 the 13th of April, the parties met at the house of the plaintiff, and a deed was executed by him for the land, as before agreed on, and the defendant paid the price by handing to the plaintiff several notes, which he held on him, and a receipt for an open account, and by agreeing to pay the note to Hull; and the defendant took immediate possession of a small mill situate on the premises, and agreed to let the plaintiff keep possession of the residue, until he gathered his crops.
 

 In August, 1849, the plaintiff paid to Hull the principal, and interest of the note, and offered to hand back to the defendant the notes which he had received of him, and to pay the open account, arid demanded a reconveyance, which was refused.
 

 The plaintiff charges, that the deed of the 13th of April, 1849, was obtained from him by fraud: That he was in distressed and needy circumstances, and the defendant,, taking advantage of his condition, and of the fact that he held a deed for his land, which was absolute on its face, and falsely representing that Hull was about to sue and force the collection of the note, by surprise and circumvention > procured the plaintiff to execute the said deed. The prayer is for an account of the profits, and a reconveyance.
 

 The defendant denies that there was any fraud and cir-.' cumvention: He avers, that he very reluctantly consented to become the surety of the plaintiff, and did so upon the express understanding, that he was not to continue bound longer than twelve months: That, after the expiration of that time, finding that the plaintiff was not going to move in the matter, he went to him and insisted upon being discharged, and told him, that for that purpose he must sell the land or a part of it; and upon the plaintiff’s replying, that he would not be able to sell, he told him he would take the land, himself, at a fair price, rather than continue bound;. He avers, that he at all times admitted that the first deed was but a mere- security; and that the price he paid for ths
 
 *294
 
 land was a fair one, and more than he could get from anyone else; and his reason for giving it was, not because he wanted to buy, but because he was determined not to stand bound as surety longer than he had at first agreed to do. He admits that the plaintiff paid off the note to Hull, but he says he had before informed Hull that he was to pay the note, and they had agreed to meet and have a settlement; and he refused to reconvey, because he had put valuable repairs on the mill. He avers his readiness to pay to the plaintiff the amount paid by him to Hull.
 

 The plaintiff has failed to prove his allegations. He makes no allegation as to the value .of the land ; but we are satisfied it was not worth more than $250, or §300, and the price paid was a fair one. There was no secrecy and no haste in concluding the transaction. The defendant always admitted, that the first deed was intended as a security, and the plaintiff had time and a fair opportunity to sell to any other person, if he had been able to get a better price.
 

 The bill seems to'have been filed under a misapprehension of the application of a principle of equity. Where there is the relation of attorney and client, guardian and ward, trustee and
 
 cestui que trust,
 
 although dealing in respect to the fund is not prohibited in this Court, yet it is watched with much jealousy, and the attorney, guardian, or trustee is required to show affirmatively, that such dealing was fair, and for a reasonable consideration ; so as to exclude the inference, that advantage was taken of the relation existing between the parties — that of dependence on the one side, and a duty to protect on the other. In these cases the principle is adopted, not because there is fraud, but because there
 
 may be
 
 fraud.
 

 This principle does not apply to the relation of mortgagor and mortgagee. Dependence and the duty of protection are not involved'in the relation. The parties have definite rights, stand at “ arm’s length,” and may deal, subject
 
 *295
 
 only to the ordinary principle; with this difference — the relation is always a circumstance which creates suspicion, and aids in the proof of an allegation of oppression and un- • due advantage, where there is a gross inadequacy of price, and other circumstances tending to show fraud'.
 

 ' We are inclined to the opinion, that the principle, as between trustee and
 
 cestui que trust,
 
 may be applicable to a case, when the conveyance is absolute on its face, and the fact of its being a mere security, rests on parol proof,
 
 and is controverted;
 
 because, in such case, the one party is in the power of the other, and has not the ability of selling, so as to discharge the incumbrance. But it is not necessary now to decide the point; for, in this case, the defendant at'all times admitted, that the first deed was a mere se - curity, and the plaintiff had -time and opportunity of making sale, and was not at all embarrassed by the fact, that it was absolute on its face.
 

 ■ The bill must be dismissed with costs, upon the defendant’s paying into Court the amount of the note to Hull, with interest thereon, for the use of the plaintiff as the defendant admits to do.
 

 Per Curiam.’ Decree accordingly.