Pearson, J.
 

 The plaintiff is entitled to the relief she asks for. The agreement in writing, signed by the defendant, shows upon its face that the real intention of the parties in the transaction was to create merely a
 
 security ;
 
 and for this purpose the legal title was conveyed to the defendant, in trust to secure the repayment of the thirty dollars, with interest, and then in trust to convey to the plaintiff. Such being the intention of the parties,
 
 time is not of the essence of the contract
 
 in this Court,- which is the principle upon which the Court allows an equity of redemption, after the estate at law has become absolute, in all cases where the intention was to create
 
 merely a security.
 

 The defendant faintly denies that the deed to him was intended as a security, and insists upon the fact that his agreement is in the form of a
 
 condition;
 
 and that the condition has not been complied with, by a payment of the money, within the time fixed
 
 *91
 
 on. That is true ; but in all mortgages, the form is that of an estate to be void upon condition of the payment of money at a fixed day. This Court regards not the form, whenever the real intention was merely to secure the payment of money, and will, upon the ground of
 
 the
 
 intention, relieve against the forfeiture of conditions and penalties. The intention that the conveyance should only operate as a security is conclusively established, not only upon the face of the agreement, but by all the other facts and circumstances of the transaction.
 

 There must be a reference to the Master. In taking the account, the plaintiff will be entitled to credit for the amount paid by her, and also for the profits of the land since the defendant has been in possession, including the amount collected by him under his claim of rent.
 

 Per Ctjuiam. Decree accordingly.