PETER SHARKEY, TRUSTEE OF CHARLES AND ALFRED H. SHARKEY, Defendant in Error, *v.* JOHN SHARKEY, Plaintiff in Error.

1. *Conveyances — Deeds, absolute, coupled with agreement to convey a mortgage.* — A deed absolute on its face, coupled with an agreement that on payment of a given sum the grantee would convey, is a mortgage.

### Error to St. Louis Circuit Court.

*H. N. Hart*, for defendant in error.

*Davis, Bowman & Smith*, for plaintiff in error.

BLISS, Judge, delivered the opinion of the court.

This was an injunction against the disposition of certain real estate, and a petition to redeem a mortgage upon it. The petition shows that the plaintiff held the land as trustee with power of sale; that he had executed a deed of trust upon it to secure certain debts; that it was sold under the trust deed and bid in by a friend of plaintiff, who still held it for him, to be conveyed to him upon payment of the debt; that the plaintiff, being unable to pay it, made an arrangement with defendant by which he was to receive a deed of the property from this friend, advance the money to pay the debt, hold it as security for this advance and for certain other indebtedness of the plaintiff to him. Accordingly the defendant received a deed absolute on its face, and gave to plaintiff a written agreement to convey upon payment as above. The petition charges that the defendant has received his pay in full by rents collected and in other ways, and

asks for an account and reconveyance. The answer admits the main facts, but denies the receipt of the amount charged. An account was taken by a referee, and upon his report the court found that the plaintiff was still owing the defendant some four hundred dollars, and ordered the defendant, upon payment of that sum, to convey the premises to the plaintiff as trustee.

No exceptions are preserved, and we are asked to reverse the judgment because it is not sustained by the pleadings and by the facts found by the court. In order to sustain their view, counsel for defendant treat this agreement between the parties for a redemption of the property as a contract of sale, and claim that it was without consideration, was not mutual, was not fulfilled according to its terms, that time was of the essence of the agreement, etc., etc. But all this has nothing to do with the case. This was a mortgage, and the contract between the parties was a condition of defeasance by a separate instrument. Judge Holmes, in Copeland v. Yoakum's Adm'r, 38 Mo. 349, well says: "There can be no question that this absolute deed and the bond or defeasance of the same date, taken together, constitute a mortgage. This is too well settled to require the citation of authorities." Hence this proceeding, instead of being one for specific performance, as defendant claims, was instituted to enforce the plaintiff's equity of redemption, and fully sustains the judgment. It makes no difference that the conveyance to defendant was not directly from the plaintiff. Its object was the same, and the plaintiff's interest was the same.

The other judges concurring, the judgment will be affirmed.