### · ROBINSON *v.* WILLOUGHBY.

When a debtor conveys realty to a creditor by deed absolute in appearance, and at the same time gives his note for the amount of such indebtedness, and takes a bond for title upon the payment of such note: *Held*, that such transaction is a mortgage.

To determine whether a transaction is a mortgage or a defeasible purchase, it will be regarded as the former, if at the time of the supposed sale the vendor is indebted to the vendee, and continues to be such with a right to a re-conveyance upon the payment of such indebtedness. *Mason* v. *Hearne*, Bus. Eq. 88, cited and approved.

This was a civil action for the recovery of real estate tried before *Buxton, J.*, at Spring Term, 1871, of UNION Superior Court.

The facts are that both parties claimed title under one D. R. Christenbury. The conveyance from Christenbury to the plaintiff was in form an absolute deed in *fee simple*, reciting a consideration of $310, dated December 25th, 1865, and duly registered February 8th, 1869, and was for fifty-two acres of land. At the time of the execution of the foregoing deed, Christenbury being indebted unto the plaintiff in the sum of $310, the latter gave to Christenbury a bond, covenanting therein to convey the land in controversy to him, if he should pay off $310 and interest within two years, and at the same time Christenbury gave his note to plaintiff for $310. All the old evidences of indebtedness of Christenbury to the plaintiff were surrendered to him at the time of the execution of the deed, and bond for title, and the receipt of said note. The witness, Stillwell, who prepared both instruments of writing, testified that he regarded the sale of the land as absolute, and Christenbury was to have a re-conveyance of the land upon the payment of three hundred and ten dollars within two years from date of conveyance. He also testified that, prior to said conveyance by Christenbury to plaintiff, that the former was

indebted to plaintiff, and applied to witness to become his personal security for a part of this indebtedness, upon which he says he advised him to sell his lands to plaintiff to pay off his debt to him.

The defendant offered in evidence a deed from Christenbury for the same land, reciting a consideration of five hundred dollars, dated January 17th, 1867, and registered 3d June, 1867. Christenbury remained in possession of the land in controversy after his deed to the plaintiff, and without paying any rent, till the date of the deed to the defendant, when he left the State. The defendant gave to Christenbury a tract of land in South Carolina for the land in controversy.

The bond for title from plaintiff to Christenbury had never been registered, nor had the latter ever paid plaintiff any part of the money due him.

The plaintiff insisted that the facts showed the sale to plaintiff was absolute, coupled with a contract of re-sale, and that his deed being the oldest, entitled him to recover. Whilst the defendant insisted that the transaction between Christenbury and plaintiff showed a mere mortgage, and that plaintiff could not recover.

His Honor charged the jury that inasmuch as the parties agreed as to the facts, that it devolved on the Court to decide the law applicable to the facts, and that the transaction between the plaintiff and Christenbury was not a mortgage, but that it was an actual sale, with an agreement to re-sell the same lands to Christenbury within two years; that as both parties claimed under Christenbury, and the plaintiff's deed being the oldest, he was entitled to recover, and the duty of the jury was merely to assess the plaintiff's damages.

Defendant excepted. Verdict for plaintiff. Judgment and Appeal.

*J. H. Wilson,* for plaintiff.
*Ashe,* for defendant.

RODMAN, J. As the entire contract between the plaintiff and Christenbury was in writing, and there was no evidence of any fact tending to show fraud or · mistake, his Honor rightly considered the nature and effect of the contract, to be a matter of law, and for his decision. If his Honor permitted the evidence of Stillwell, that he considered the transaction a conditional sale, and not a mortgage, and that such was the intention of the parties, to have any weight with him, we think he erred in doing so. The evidence of the witness on that point, was not as to any matter of fact, but merely his opinion on a matter of law, and was therefore of no weight or value whatever.

We think his Honor committed an error in holding that the contract, or transaction, between the plaintiff and Christenbury was not a mortgage.

A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt. Whatever is substantially this, is held to be a mortgage in a Court of Equity and the debtor has a right to redeem ; Coote. Mort. 22, Fisher Mort. 68.

It is immaterial whether the contract be in one writing or in several, *Mason* v. *Hearne*, Bus. Eq., 88, and it is also immaterial (as between the parties) whether the agreement for redemption be in writing or oral; and such agreement may be implied from the attending circumstances. Of these principles, and of the circumstances, which will cause a deed absolute on its face to be construed as a mortgage, numerous illustrations may be found in the treatises above cited, and in our own Reports.

In the present case, the express terms of the writings indicate a mortgage, and the circumstances do not contradict, but sustain this view.

Christenbury being indebted to the plaintiff, applies to Stillwell to become his personal surety for a part of the indebted-

ness, upon which he says he advised him to sell his lands to the plaintiff to pay his debts to him.

After this advice, and perhaps in consequence of it, the plaintiff and Christenbury apply to the witness to draw the writings necessary to carry out their understanding. He accordingly draws them, and they are executed by the parties.

1. A deed from Christenbury absolutely conveying the land to the plaintiff.

2. A note from Christenbury to the plaintiff for $310, that being the amount of his indebtedness.

3. A bond from the plaintiff to Christenbury, by which, he agrees, that if Christenbury shall pay him $310, on or before the 25th of December, 1867, to make him a title to the land on which he resides; which is the same that was described in the deed, and is that now in controversy. After the execution of these writings, Christenbury remained in possession, until after his conveyance to the defendant on 17th January, 1867, when the defendant took possession. In determining the question whether a transaction amounted to a mortgage, or to a defeasible purchase, it has always been considered of the greatest importance, whether the vendor was a debtor to the vendee: and if he was, and if after the supposed sale he continued to be a debtor, the inference was irresistible, that the transaction was a mortgage, and that he could redeem by paying the debt. (Coote. Mort. 24.) Otherwise the debtor would have parted with his land without any consideration whatever.

In this case, there was an antecedent debt, and it was provided as a part of the agreement, that the debt should continue for the plaintiff, while he surrendered the old evidences of indebtedness, and took a new note for the amount of them, which he still holds.

If a transaction be a mortgage in substance, the most solemn engagement to the contrary, made at the time, cannot deprive the debtor of his right to redeem ; such a case being on grounds

of equity, an exception to the maxim "*modus et conventio vincunt legem.*"

Nor can a mortgagor, by any agreement at the time of the execution of a mortgage, that the right to redeem shall be lost if the money be not paid by a certain day, debar himself of such right; for in such a contract, time will not be regarded as ot its essence. *Mason* v. *Hearne*, Bus. Eq. 88.

In addition to this the fact that the supposed vendor, continued in possession after the sale, without the demand or payment of rent, is a circumstance, which remaining unexplained, is inconsistent with the idea of an absolute sale. Taking this view of the case, Christenbury retained an equity of redemption, which at least his deed conveyed to Willoughby.

On the pleadings as they stand, however, no question arises upon that.

As we think his Honor erred, in holding the transaction not a mortgage between the parties, it follows that there must be a new trial, and *it is* unnecessary to consider the other question raised by the defendant, whether the deed to the plaintiff was fraudulent, as to a subsequent purchaser for value from the grantor.

PER CURIAM.                    *Venire de novo.*