W. G. EGERTON, Adm'r, v. NANNIE P. JONES et al.

*Deed Absolute on its Face Converted into a Mortgage—Correction —Equity —Fraud —Mistake—Ignorance —Undue Influence—Clerk—Jurisdiction—Sale of Land for Assets.*

1. A deed absolute on its face will not be corrected and converted into a mortgage, where it is not shown that a defeasance clause was contemplated by the parties and omitted by reason of ignorance, fraud, mistake or undue influence.

2. The fact that a deed was drawn by one not familiar with legal forms does not meet the indispensable requirements of a Court of Equity for granting such relief.

3. An administrator petitioned to sell the lands of his intestate to pay a certain debt against the estate. The land was set apart to the intestate in his life-time as a homestead, and then conveyed to one B., who reconveyed to the intestate's wife and children. It did not appear that either conveyance was in fraud of creditors: *Held*, (1) the lands were not subject to be sold for the debts against the estate; (2) the presumption of a resulting trust in favor of the intestate is met by the counter-presumption of advancement in favor of the wife and children; (3) the intestate having no legal or equitable interest, the Clerk had no jurisdiction to sell.

CIVIL ACTION, tried before *Womack, J.*, at March Term, 1890, of WARREN Superior Court.

The defendant appealed.

This was a proceeding, begun by summons and petition before the Clerk of the Superior Court of said county on the __ day of June, 1886, for the purpose of having sold, to pay debts of plaintiff's intestate, a certain tract of land situate in the said county of Warren, belonging to plaintiff's intestate, and described in the pleadings, which was allotted to plaintiff's intestate as a homestead on the 3d day of June, 1871, the said allotment having been made when the homesteader was unmarried and without children; and the homesteader having afterwards, and before he was ever married, conveyed the homestead to one John E. Boyd, 20th August, 1873, by a deed on its face in fee-simple. Plaintiff's intestate died in March or April, 1885, having intermarried with the defendant Nannie P. Jones in 1876, and leaving the defendants Willie, Lucy and Lizzie, the issue of said marriage, who are now living, and are still minors.

The plaintiff insisted, that as his intestate had, before his said marriage, conveyed his homestead as aforesaid, his said homestead fell in at his death, and was subject to his debts; even though he, after the said deed was made by him, married and had children.

The defendants, Nannie P. Jones, the widow of plaintiff's intestate, and her children, said Willie, Lizzie and Lucy,

answered the petition, alleging that the deed made by the said plaintiff's intestate to John E. Boyd, though on its face a fee-simple deed, yet, in fact, was one for the security of money; that the money was afterwards paid by said Mark P. Jones to the said Boyd, and that with his consent the said Boyd, on the 21st of July, 1883, conveyed the same to said Nannie P. Jones, and that the same is not, nor will be, subject to the debts of plaintiff's intestate until his youngest child shall become twenty-one years old. Upon issues of fact being joined by the pleadings, the Clerk transferred the same for trial to the Superior Court in term time. Subsequently, Peter H. Allen, John Watson and Mary Powell, on their own motion, were made parties and filed their answer. In addition to the defence set forth by the other defendants, they answered and averred that after the conveyance by said John E. Boyd, of the homestead to said Nannie P., as aforesaid, said Nannie P. and husband, said plaintiff's intestate, executed a deed in trust to the defendant P. H. Allen upon said homestead, to secure two debts due to the said John Watson, one in his own right, and one as guardian of said Mary Powell, and that this deed of trust is a first lien upon this homestead and other lands; and that said Boyd had the right to convey said homestead to said Nannie P. because he held the same, coupled with a parol trust to convey the same to the said Mark P. Jones upon the payment of a large sum of money due to him by said Mark P., which he was unable to pay, and which said Nannie P. paid out of her separate estate, and which conveyance was made with the consent of her husband, said Mark P. Jones.

Defendants moved to dismiss the proceedings for want of jurisdiction, in that plaintiff has no right to maintain this action. Motion disallowed, and defendants excepted.

A jury was impaneled to try the issue, viz: "Was the conveyance by Mark P. Jones to John E. Boyd subject to the trusts, or either of them, declared in the defendants' answer?"

In support of said issue, the defendants introduced the following:

1. Deed from John E. Boyd and wife to M. P. Jones, one-sixth interest, dated 20th of July, 1868; consideration, $984.66; duly registered.

2. Deed from Mark P. Jones to John E. Boyd, dated 26th of August, 1873; consideration, $1,000; probated June 7th, 1874.

Joseph S. Jones, witness for defendant, testified: He is the father of Mark P. Jones; handwriting of paper shown him is M. P. Jones'; (defendants offer bond dated 20th of July, 1868, for the purpose of showing an existing debt, for which the deed of 26th of August, 1873, was intended as a security). The bond introduced; he formerly owned the land; it was sold in 1867; Mark P. Jones is dead, leaving widow and heirs; the consideration of the said note was ___; six gentlemen bought my land; John E. Boyd being one; all the other claims were paid off except this one, the consideration of which is one-sixth of the purchase-money of the land; have seen the deed of 26th of August, 1873; I knew the agreement between Mark P. Jones and John E. Boyd in regard to the execution of this deed of 1873, and knew it at the time it was executed; the consideration was to secure to Mr. Boyd the purchase-money of the property (one-sixth of the amount); heard Mr. Boyd repeatedly speak of it; it was agreed and understood between Messrs. Boyd & Jones and myself that my son, M. P. Jones, ought to convey other security than one-sixth of the original tract of land for the liability, and it was so conveyed, the conveyance of 1873 being for that purpose; the note shown is the debt intended to be secured; Mr. Boyd never took possession of the land or claimed it; never received or demanded rents or paid taxes; never did any act of ownership over the land; Mr. Boyd died in 1882 or 1883. The body of the deed, deed of 1873, is in the handwriting of M. P. Jones, who was a

farmer, and not conversant with legal forms; Boyd's wife was M. P. Jones' aunt; Jones had great confidence in Boyd; there was no consideration for the deed of 1873, except to secure said debt (the note); never heard Boyd speak of the form of the deed of 1873; did not know it was in existence in this form; Boyd always said his purpose was to reconvey when the debts were paid.

John R. Boyd: "Am son of John E. Boyd; heard my father say that the property was conveyed to him (Boyd) as security of purchase-money of the land; father never exercised any ownership over the land."

Henry A. Boyd: "Am son of John E. Boyd; my father told me frequently that he had advanced money for M. P. Jones and had taken security on the land; in 1883, in the summer, my father came here to settle with Jones and had the note in possession he had executed to Mrs. Robinson; never heard him say what was the character of the deed, but that all the property was bound; Jones and wife got the money from Watson to pay the Robinson note; father never paid anything on the Robinson debt, Jones paid the interest; never knew of my father's exercising any control over the land."

W. P. Massenburg: "Married Mr. Boyd's daughter; heard Mr. Boyd speak of these matters often; said he had loaned Jones' father money to pay for the land when sold at Sheriff's sale; said he had security and did not want to press Jones; never said how he held security; Boyd exercised no control over the land; it was twenty-five miles from where he lived."

The defendants then rested their defence.

Thereupon, the Judge charged the jury that there was no evidence to go to the jury to support the issues, and instructed them to render a verdict in the negative.

To this the defendants excepted.

*Mr. T. C. Fuller*, for plaintiff.
*Mr. J. B. Batchelor*, for defendant.

SHEPHERD, J.:

1. We can see no error in the ruling of the Court upon the trial of the issue submitted to the jury. It was very properly held that there was not sufficient evidence to show that the deed was not written as the parties intended. Indeed, the evidence does not at all suggest that a clause of defeasance was ever contemplated by the parties, and was omitted by reason of "ignorance, mistake, fraud or undue influence," and this it was necessary to prove before the deed could be corrected. See this case reported in 102 N. C., 281, and the authorities cited.

The fact that the deed was drawn by one who was "not conversant with legal forms," does not meet the indispensable requirements of a Court of Equity in granting such relief, and this seems to be the only evidence in addition to that which was introduced upon the former trial.

2. We are of the opinion, however, that His Honor should have allowed the motion to dismiss. This motion was not made at the former hearing, and was, therefore, not passed upon by the Court.

The petitioner, as the administrator of Mark P. Jones, alleges that there is outstanding a judgment in favor of one Cheatham against his intestate; that the personal assets are insufficient to pay the same, and that a sale of the land is necessary. The land described in the complaint was set apart to the intestate as his homestead, and afterwards conveyed by him to John E. Boyd, who subsequently conveyed it to the widow and children of the said intestate. These facts appear upon the face of the petition, and it is not alleged that the conveyance to Boyd and the conveyance by him to the defendants were made with intent to defraud the creditors of the intestate. Neither does it appear that the intestate had any equitable interest in the land at the time of his death; for, taking the answer to be true, that Boyd held the land in trust for him, and conveyed it, at his

107—19

instance, to his wife and children, the presumption of a resulting trust would be met—in the absence of any testimony rebutting it—by the counter-presumption that the land was intended as a provision or advancement for his wife and children. Adams' Eq., 35; Bispham's Eq , 84.

It being manifest then, that the intestate had no legal or equitable interest in the land at his death, it must follow that it could not be sold upon the petition of the administrator, and that the Clerk had no jurisdiction. The cases of *Mauney* v. *Holmes*, 87 N. C., 428, and *Murchison* v. *Williams*, 71 N. C., 135, holding that judgment and mortgage liens should be enforced by proceedings in which the administrator is a party, in order that the land may be exonerated in favor of the heirs or devisees by the personal estate, have no application where the intestate had no interest in the land at the time of his death. It is only when land, or some interest therein, has descended or been devised, or where it has been conveyed with intent to defraud creditors, that the administrator can have it sold in order to make assets. *The Code*, § 1446. This has been distinctly decided in *Heck* v. *Williams*, 79 N. C., 437, which is a case directly in point. In that case the land was subject to a lien of a judgment, and was conveyed by the intestate without fraudulent interest. The Court held that, though the sale did not divest existing liens, "it divested the intestate of all title, legal and equitable, in the land sold, and that the administrator, as to that, was *functus officio*."

In *Lee* v. *Eure*, 93 N. C., 5, cited by the plaintiff, the conveyance of the land was alleged to be fraudulent, and the decision in that case is entirely consistent with the ruling in *Heck* v. *Williams, supra*. The repeal of sections 318 to 324, Code of Civil Procedure (Bat. Rev.) in no way affects the principle of the above case, as the said sections had reference only to cases where the debtor died without having disposed of his land.

                                        Action dismissed.