W. T. STAINBACK, Administrator of J. L. KITTRELL, v. G. I. HARRIS et al.

*Sale of Land for Assets—Defences—Issues—Debts Due by Decedent—Judgment Against Administrator.*

1. The fact that an administrator made no defence to an action in which a judgment was rendered against him, is no defence to a proceeding by the administrator against the heirs to sell the lands of the decedent to make assets to pay such judgment and other debts.

2. In a proceeding for the sale of decedent's lands for assets to pay debts, it was error to refuse to submit an issue, raised by the answer, as to the sufficiency of the personal property to pay the debts.

3. In a proceeding by an administrator to sell land for assets to pay debts, the heirs cannot, by a mere general denial of title in the ancestor, and without alleging independent title in themselves, put the administrator to proof of the decedent's title.

SPECIAL PROCEEDING, begun before the Clerk of the Superior Court of VANCE County, for license to sell lands for assets.

The petition, after setting out the death of the intestate James L. Kittrell, and the names of the heirs at law who were made parties defendant, alleged—

" 3. That the amount of the debts still outstanding against said estate, in so far as they have been brought to plaintiff's notice, is a judgment in favor of James H. Lassiter & Son against plaintiff as such administrator, for $409.77, with eight per cent. interest on $231.83 from October 5, 1891, and $5.70 costs, and the further sum of $____, costs and charges of administration.

" 4. That the personal estate of said James L. Kittrell was absorbed in the allowance to his widow for her year's support and that of her two infant children.

" 5. Plaintiff alleges, upon information and belief, that said intestate was, at the time of his death, seized of a tract of land situate on the shorter road from Henderson, in Vance County, to Oxford, in Granville County, near Health Seat, in Vance, adjoining the lands of the late David Stone, owned now by his heirs J. W. Kittrell, Mrs. Eliza Glover and others, containing 137 acres, of the value of about $1,200."

The defendants answered as follows:

" 3. They admit that James H. Lassiter & Son procured a judgment to be rendered in their favor against the plaintiff as administrator of the said intestate at October Term, 1891, of the Superior Court of said county for the sum of $409.77 and interest and costs, but they aver that plaintiff, at the time of his qualification as administrator as aforesaid, and of the procurement of said judgment as aforesaid, was, and still is, a confidential clerk of said James H. Lassiter & Son; and they aver that said administrator made no defence whatever to said James H. Lassiter and Son's action against him, but permitted said James H. Lassiter & Son to take judgment against him for said sum of $409.77, and interest and costs as aforesaid, for want of an answer to said complaint.

" 4. Whether or not the personal estate of the said intes-

tate ' was all absorbed in the allowance to his widow for her year's support and that of her two children,' as is alleged in the fourth paragraph of plaintiff's complaint, these defendants have no knowledge or information thereof sufficient to enable them to form a belief, and, therefore, they demand proof thereof.

" 5. They deny that said ' intestate was, at the time of his death, seized of the tract of land ' described in the fifth paragraph of the complaint."

Wherefore, these defendants demand judgment that they go hence, etc.

Upon the filing of the answer, the Clerk transferred the proceeding for trial to the Superior Court at Term, upon issues certified as follows:

" 1. Was J. L. Kittrell, at the time of his death, seized of the tract of land described in the petition?

" 2. What amount of the personal estate of the said J. L Kittrell came, or ought to have come, to the hands of the administrator? "

The plaintiff, by his counsel, objected, and excepted to the order of the Clerk, and moved the Court to grant an order for the sale of said property, on the ground that no material issue was raised by the answer.

The cause was heard at the February Term, 1894, of Vance Superior Court, before Bynum, J. When called for trial the plaintiff moved for judgment, upon the ground that the issues certified by the Clerk were not material.

The defendants' counsel present suggested the propriety of an issue as to the *bona fides* of the judgment alleged in the plaintiff's petition in favor of James H. Lassiter & Son, but upon the record in that case being exhibited to him in open Court, and it appearing, upon examination, that the judgment was upon a sealed bond attached to the record and a verified complaint, the issue was not insisted upon, and the Court held that the plaintiff was entitled to the judgment prayed.

STAINBACK *v.* HARRIS.

The defendants urged that the case be remanded to the Clerk, suggesting as a reason therefor that other creditors of the deceased would wish to assert claims against the estate.

His Honor stated that he would defer signing the judgment, that the fact might be made to appear to him, by affidavit, that the interest of any party required the proceeding to be remanded. The cause was held open for several days and no such affidavit was tendered. But at the end of that time one of the counsel for the defendants, who was not present at the trial, appeared and insisted upon a trial of the issues certified by the Clerk, and tendered in addition thereto the following issues:

"1. Was the judgment in favor of James H. Lassiter & Son against plaintiff as administrator of J. L. Kittrell *bona fide?*

"2. Was the personal estate of the late James L. Kittrell absorbed in the allowance to his widow for her year's support for herself and her two children?

"3. Was the plaintiff's intestate James L. Kittrell seized, at the time of his death, in fee, of the lands described in the plaintiff's complaint or petition?"

His Honor refused to submit any issue to the jury. The defendants excepted, and from the judgment in favor of the plaintiff, appealed.

*Mr. T. T. Hicks* and *T. M. Pittman,* for plaintiff.
*Mr. J. B. Batchelor,* for defendant.

SHEPHERD, C. J.: We do not think that under the particular circumstances of this case the counsel was precluded from insisting that the issues raised upon the pleadings should be submitted to the jury. The questions to be determined, therefore, are whether the issues certified by the Clerk were material.

1. As to the first issue, we agree with his Honor that it should not have been submitted. There is not the slightest

suggestion that the debt upon which the judgment was taken against the administrator was not due by his intestate, and the mere fact that the administrator made no defence to such a claim cannot invalidate the judgment.

2. In refusing to submit the second issue, or to order the taking of an account, we think there was error. Before descended lands can be subjected to the payment of the indebtedness of the ancestor, it must be shown that the personal assets are insufficient or have been exhausted in due course of administration (Womack's Digest, 4885), and as the answer denied this, an issue was raised which should have been tried before making a decree of sale.

3. As to the third issue, we very much doubt whether in a proceeding of this kind the heirs, without alleging any independent title in themselves, can by a mere general denial put the administrator upon proof of the ancestor's title. To permit this would result in much unnecessary expense, inconvenience and delay in the settlement of estates. In this case no prejudice can possibly be done the heirs, as the decree purports to operate only upon "the interest and estate" of their ancestor. If he has any interest or estate, they are of course bound by the decree; if he has none, or if the heirs have any interest or estate independent of their ancestor, they are clearly not estopped by the form of this decree. When the decree is to be so framed, we are inclined to the opinion that such a general denial by the heirs should not be considered. The case of *Egerton* v. *Jones*, 107 N. C., 284, and other decisions, do not present this point. The objection there is taken by parties claiming the land or some interest therein, and when it is shown that the decedent has parted with his title, the jurisdiction is defeated. In the cases like the present it would seem that the heir should not be permitted to show by mere general denial that his ancestor had no title, and the jurisdictional question in such an instance would therefore not arise. New trial.