PORTER v. WHITE.

(Filed March 12, 1901.)

1. DEEDS—*Absolute on Face—Mortgages.*

Evidence in this case held sufficient to warrant a finding that a deed absolute on its face was in fact a mortgage.

2. ISSUES—*Proof—Trial.*

Refusal of Court to submit an issue on which there is no proof, is not erroneous.

3. DEEDS—*Separate Instruments.*

It is immaterial that a contract is contained in several instruments.

4. INSTRUCTIONS—*Presumptions.*

Where no exception to the charge is sent up, it is presumed to be correct.

5. CONTRACTS—*Terms—Essence.*

Where suit is brought to have a deed absolute on its face declared a mortgage, the time for redemption is not of the essence of the contract.

6. LIMITATION OF ACTIONS—*Possession.*

The statute of limitations has no application to a party in possession who brings suit to have a deed absolute upon its face declared a mortgage.

7. WITNESSES—*Competency—The Code, Sec. 590.*

The sons of a grantor, in a deed, which grantor is suing the heirs of the grantee to have such deed declared a mortgage, are not incompetent witnesses under The Code, sec. 590, to show transactions between the grantor and grantee.

8. NOTICE—*Deed—Mortgage—Devisee.*

A registered deed may be declared a mortgage, though the land is held by the devisee of the grantee in the deed.

ACTION by A. T. Porter against C. A. White, executor,

*et al.,* of Samuel Corey, heard by Judge *H. R. Starbuck* and a jury, at December Term, 1900, of PITT County Superior Court. From judgment for plaintiff, the defendants appealed.

*Skinner & Whedbee,* for plaintiff.

*Jarvis & Blow,* and *Shepherd & Shepherd,* for the defendant.

CLARK, J. The plaintiff introduced in evidence a deed, dated 13th May, 1878, absolute on its face, from himself to S. Cory, and the following paper-writing bearing same date from S. Cory to himself, whose execution is admitted: "This is to certify that A. T. Porter does not owe me only $178.78 and interest on same, and when it was paid the right of his property is to be returned to his heirs. May 13, 1878. S. Cory."

The complaint alleges payment in full, asks for an accounting and the execution of a deed by defendants, heirs-at-law of Cory, back to plaintiff.

In the late case of *Watkins v. Williams,* 123 N. C., 170, in which the facts much resemble this, it is said: "Since *Streetor v. Jones,* 10 N. C., 423, two principles have been established and uniformly followed, when bills are preferred to convert a deed absolute on its face into a mortgage or security for debt—

"(1) It must appear that the clause of redemption was omitted through ignorance, mistake, fraud or undue advantage.

"(2) The intention must be established, not by simple declaration of the parties, but by proof of facts and circumstances *dehors the deed* inconsistent with the idea of an absolute purchase; otherwise the solemnity of deeds would always be exposed to 'the slippery memory of witnesses.' *Kelly v. Bryan,* 41 N. C., 283.

"The plaintiff makes no attempt to shelter himself under the first proposition, but he insists, and we think he has shown, that he is protected by the second proposition."

This covers the present controversy. The first proposition is settled beyond controversy. *Sprague v. Bond,* 115 N. C., 530; *Egerton v. Jones,* 107 N. C., 284: *Green v. Sherrod,* 105 N. C., 197; *Norris v. McLamb,* 104 N. C., 159; *Egerton v. Jones,* 102 N. C., 278; *Link v. Link,* 90 N. C., 238; *Bonham v. Craig,* 80 N. C., 224; *Briant v. Corpening,* 62 N. C., 325; *Brown v. Carson,* 45 N., C., 272; *McDonald v. McLeod,* 36 N. C., 221; and other cases.

But the plaintiff does not come within this class. Though he alleged in his complaint that the clause of defeasance was omitted "through ignorance, mistake, fraud and undue advantage," he offered no evidence in proof of it, and in fact the written agreement of S. Cory set out by him negatived the allegation of inadvertence or fraudulent omission. The defendant received no detriment by an issue not being submitted on a matter as to which there was no proof, and his exception to the refusal of such issue can not be sustained.

The plaintiff's case rested on the second proposition, quoted above from *Watkins v. Williams.* The written agreement upon the evidence was a part of the same transaction with the deed of the same date, and taken in connection with the other evidence showing inadequacy of price (*Howlett v. Thompson,* 36 N. C., 369), subsequent payments, retention of possession by plaintiff (grantor in deed), and the admissions of grantee, justified the form of the issues submitted to the jury and their finding that the deed absolute on its face was in fact intended as a security for debt. *Waters v. Crabtree,* 105 N. C., 394; *Robinson v. Willoughby,* 65 N. C., 520; *Blackwell v. Overby,* 41 N. C., 38; *McLaurin v. Wright,* 37 N. C., at page 97.

It is immaterial that the contract was in several instruments. *Watkins v. Williams, supra; Robinson v. Willoughby, supra; Mason v. Hearne,* 45 N. C., 88.

The two prior mortgages were competent evidence to show the indebtedness. *Robinson v. Willoughby, supra.*

The Court is presumed to have charged that the proof must be "clear and cogent and incompatible with the idea of a purchase, and should leave no fair doubt that a security was intended" (*Blackwell v. Overby,* 41 N. C., 38; *Kelly v. Brian, Ibid,* 283), as no exception to the charge is sent up.

In such cases, time is not of the essence of the contract. *Mason v. Hearne,* 45 N. C., 88. Besides, the Statute of Limitations has no application, for the plaintiff has been in continuous uninterrupted possession since 1870.

The exception to the sons of the plaintiff, under The Code, section 590, as witnesses because they fall under the description "heirs" of grantor—plaintiff—is without force. The jury have found that the conveyance was in reality a security for debt. The witnesses are not "heirs" as long as their father (the plaintiff) lives, and may never have any interest in the land. They certainly have no disqualifying interest now.

The conveyance to Corey being registered as a deed, and not as a mortgage, a purchaser for value from the grantee would occupy a very different position from the defendant, Armetta Worthington, who is the devisee of S. Cory. *Waters v. Crabtree,* 105 N. C., 394.

It might be surmised that the transaction was intended to defraud the creditors of the plaintiff. In such case the Courts would help neither party, but even then the maxim *potior est conditio possidentis* would apply. However, there is no proof that the transaction was for a fraudulent purpose.

The judgment below is

Affirmed.