W. H. RAY ET AL. v. G. B. PATTERSON, J. L. McMILLAN, ET AL.

(Filed 1 December, 1915.)

**1. Equity—Deeds and Conveyances—Correction—Mortgages—Quantum of Proof.**

A suit to declare that the title conveyed by deed to the defendant was under an agreement that he should hold the legal title until the plaintiff should pay off certain mortgages and then a conveyance of the land be made by the defendant to the plaintiff, is, in effect, one to correct the defendant's deed and convert it into a mortgage, placing the burden upon the plaintiff to establish his allegations by strong, clear and convincing proof; and an instruction by the court that he is required to do so by the preponderance of the evidence is reversible error to the defendant's prejudice.

**2. Same—Questions for Jury.**

The question of whether the plaintiff has met the legal requirement of showing by strong, clear and convincing proof that the deed he seeks to correct was, in fact, intended for a mortgage, is one exclusively for the jury, it being within the province of the court only to lay down the rule of law applicable.

**3. Equity—Deeds and Conveyances—Correction—Mortgages—Agreements— Right of Redemption.**

Where a conveyance of land is corrected so as to make the transaction, in effect, a mortgage, no agreement therein can deprive the mortgagor of his right to redeem, for equity will regard the substance and not the form.

**4. Equity—Deeds and Conveyances—Correction—Verdict—Judgment.**

This suit was to declare that the defendant's deed to lands was acquired under an agreement with the plaintiff that the former should convey the lands to the latter upon his paying off certain outstanding mortgages. Upon this issue the trial judge incorrectly charged as to the quantum of proof required, and the plaintiff moved for judgment upon the verdict on other issues, finding that the defendant was the owner of the notes and mortgages at the time of the execution of his deed, and that the value of the land was $3 per acre, and upon the ground that they established the relationship of mortgagor and mortgagee, and inadequacy of the price: *Held*, these matters were but evidentiary under the circumstances of this case, upon the question of whether the transaction concerning the defendant's deed was as the plaintiff claimed, and were not sufficient upon which to base a judgment either in plaintiff's or defendant's favor.

APPEAL by defendant from *Allen, J.,* at April Term, 1915, of HOKE.

Civil action. The case was before us at a former term, and is reported in 165 N. C., at p. 512. We then ordered a new trial. At the last trial the case was submitted to the jury upon issues which were answered by the jury as follows:

1. Did the defendants procure the execution of the deed described as Exhibit D, and in form a fee-simple deed, by the promise that they would hold the land therein described as security for the sum advanced in taking up certain mortgages described in the pleadings, with the further promise that they would reconvey said lands to the plaintiffs on payment of said debt secured by the mortgages? Answer: Yes.

2. Did the defendant, Walter McMillan, procure from the plaintiff, D. McN. Ray, the execution of the deed to his wife, described as Exhibit E, upon the consideration of services rendered him in inducing the defendants G. B. Patterson and J. L. McMillan to take up the mortgages described in the pleadings? Answer: Yes.

3. What was the value of the land described in Exhibits D and E at the time of the execution of the deeds therefor set out in the pleadings? Answer: $3 per acre.

4. Were the defendants J. L. McMillan and G. B. Patterson the owners of the notes and mortgages set out in the pleadings at the date of the execution of the deed to them by W. H. Ray and D. McN. Ray, described as Exhibit D in the pleadings? Answer: Yes.

Upon the first issue the court charged the jury that only a preponderance of evidence was required to justify a finding in favor of the plaintiffs. The defendants excepted to this instruction, and, from the judgment on the verdict, appealed to this Court.

*McNeill & McNeill, Broadfoot & Broadfoot, Oates & Herring, Hamilton & McMillan and V. C. Bullard for plaintiff.*
*McLean, Varser & McLean, Sinclair, Dye & Ray for defendant.*

WALKER, J., after stating the case: We need not consider the many exceptions in the record, as we are of the opinion that the charge of the court upon the first issue, which is set out above, is erroneous. The plaintiffs sought to convert a deed absolute on its face into a mortgage, or, in other words, to correct the deed in that respect. In such cases the rule is thoroughly settled that the evidence must be clear, strong and convincing to warrant a verdict in favor of the party seeking to correct the deed. *Ely v. Early,* 94 N. C., 1; *Harding v. Long,* 103 N. C., 1; *Cobb v. Edwards,* 117 N. C., 253; *Avery v. Stewart,* 136 N. C., 426; *Lehew v. Hewett,* 138 N. C., 6; *King v. Hobbs,* 139 N. C., 171; *White v. Carroll.* 147 N. C., 330; *Gray v. Jenkins,* 151 N. C., 80; *McWhirter v. McWhirter,* 155 N. C., 145; *Glenn v. Glenn,* 169 N. C., 729. The subject

is fully discussed, and the reasons for the rule stated, in *Lamb v. Perry,* 169 N. C., 436. Where the object of the action is to set aside a deed on the ground of fraud the rule is different and only a preponderance of evidence is required, as will appear from the foregoing authorities, and *Perry v. Insurance Co.,* 137 N. C., 402. Equity will reform a written contract or other instrument *inter vivos* where, through mutual mistake of the parties, or the mistake of one of them, induced by the fraud or inequitable conduct of the other, it does not, as written, truly express their agreement. Eaton Equity, sec. 618; *Warehouse Co. v. Ozment,* 132 N. C., 839.

It was said in *Robinson v. Willoughby,* 65 N. C., 520: "A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt. Whatever is substantially this is held to be a mortgage in a court of equity, and the debtor has a right to redeem. Coote Mort., 22; Fisher Mort., 68. It is immaterial whether the contract be in one writing or in several (*Mason v. Hearne,* 45 N. C., 88), and it is also immaterial (as between the parties) whether the agreement for redemption be in writing or oral; and such agreement may be implied from the attending circumstances. Of these principles, and of the circumstances which will cause a deed absolute on its face to be construed as a mortgage, numerous illustrations may be found in the treatises above cited, and in our own Reports."

There is ample evidence shown in this record to sustain the allegation of the plaintiffs that the deed executed by them to defendants, and described in the case, was intended as a mortgage or as security for the money advanced by them in the transaction, and even if, to our minds, it may appear to be clear, strong and convincing, we are not at liberty to say so, nor could the trial judge so state to the jury, as it is for the jury alone to say whether it is of that character. *Lehew v. Hewett, supra.* The judge is at the limit of his right when he submits the evidence to the jury with the caution that, in order to entitle the plaintiff to a verdict, it must be clear, strong and convincing, but if the jury so find it to be, then it becomes their duty to return a verdict accordingly. The law favors the position of a mortgagor, so that it has grown into a maxim that once a mortgage always a mortgage. If a transaction be a mortgage in substance, the most solemn engagement to the contrary, made at the time, cannot deprive the debtor of his right to redeem, such a case being, on grounds of equity, an exception to the maxim *"Modus et conventio vincunt legem."* Nor can a mortgagor, by any agreement at the time of the execution of the mortgage, that he shall lose his right to redeem if the money be not paid by a certain day, debar himself of such right, for in such a contract time will not be regarded as of its essence. *Robinson v. Willoughby, supra; Mason v. Hearne, supra.* If, therefore, the jury found from the facts and attendant circumstances

that this deed, while absolute in form, was really intended as a mortgage, the plaintiffs will have the right to redeem the land as much so as if it had in form been a mortgage, for in such matters equity does not regard so much the form as it does the substance.

It may be that in giving the instruction as to the *quantum* of evidence required in order to justify a verdict for the plaintiff, the learned judge was misled by the form of the first issue, but we think the issue was proper in form, and that the substance of the inquiry embraced by it is, whether the deed was intended to be a mortgage or security for the money advanced, and this, of course, would require a correction of the deed, if the jury so find, in order to express the true intention of the parties, and, therefore, the rule as to the quantum of proof applies.

The plaintiffs contended that the verdict as to the remaining issues entitled them to judgment, but we do not think so. There is not quite enough found by the jury to permit a decree either setting aside the deed or declaring it to be only a security for the debt. There is evidence which is sufficient, in law, to justify such findings, but we cannot found a judgment of the court upon mere evidence. It must rest upon facts found by a jury or in some other method allowed by statute. Plaintiffs mainly relied upon the answers to the last two issues, which they contend establish the relation of mortgagor and mortgagee, together with the fact that the price given for the land was grossly inadequate. But we cannot think that mortgages which were acquired after the treaty, preceding the execution of the deed, had been fully made, the mortgages being held by other parties at the time of the treaty, established the relation of mortgagor and mortgagee of a kind to bring the case within the principle of *McLeod v. Bullard,* 84 N. C., 515 (*s. c.,* 86 N. C., 210), and that class of cases, which declare that such "a relation is always a circumstance which creates suspicion and aids in the proof of an allegation of oppression and undue advantage, when there is gross inadequacy of price and other circumstances tending to show fraud." *McLeod v. Bullard,* 86 N. C., 213, 214; *Chapman v. Mull,* 42 N. C., 292. The agreement between the parties, whether it be as contended by the plaintiffs or by the defendants, contemplated that defendants should take up the debts and mortgages, either for the purpose of being canceled or surrendered, if the transaction was a sale, or of being held by them until the plaintiffs had redeemed, according to their version of the treaty. But this does not prevent the retention of possession by the plaintiffs after the execution of the deed (if not satisfactorily explained), the nonpayment of rent, the failure of defendants to cancel or surrender the notes, the inadequacy of price, and any other relevant fact or circumstance from being considered by the jury in passing upon the principal question, whether the deed was intended as a mortgage, or whether the real agreement was that the defendants should advance the necessary amount of money and take up the

PAUL *v.* R. R.

debts and mortgages, with the understanding that the deed should stand as a security for the same, with the ultimate right of redemption in the plaintiffs.

But with the verdict now before us, and an error in· the charge as to the first issue, we cannot extend the relief which the plaintiffs seek. It may be regrettable that a third trial should be had, but we are constrained by the law to grant it.

New trial.