194 So. 812

### LINDSEY v. STURKIE.
#### 7 Div. 587.

Supreme Court of Alabama.
March 7, 1940.

Rehearing Denied April 4, 1940.

Wm. G. Dooly, Sr., of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellee.

ANDERSON, Chief Justice.

It appears that George Lindsey, the appellant, owned certain lots or parcels of land, including his home, and there existed against same two past due mortgages which were threatened to be foreclosed. The said Lindsey then applied to H. D. Sturkie, the appellee's intestate, for a loan sufficient to pay off said mortgages. The said Sturkie paid off said mortgages and to reimburse himself had Lindsey make him a warranty deed to said real estate, making at the same time and contemporaneous with said deed an instrument to reconvey the property upon the consideration and terms therein provided, the sum to be repaid being substantially the sum paid out by Sturkie and as expressed in the deed, but divided into installments, with a clause of acceleration in case of default after a certain time, and treating the payments made as rent. The appellant made default and a forfeiture was declared and Lindsey was subsequently treated as a tenant instead of purchaser.

The present bill seeks to declare the transaction a mortgage and to enforce Lindsey's equity of redemption.

The lease sale contract is nothing more than an obligation or conditional sale, that is, an obligation to reconvey the property to Lindsey upon a compliance by him with the requirements of said instrument. It was but an obligation to make a conditional sale to Lindsey, and as to which he had an option, with no requirement of him to pay the debt. If he paid the debt, he was entitled to a reconveyance. If he did not pay the debt, he forfeited the right to repurchase and the payments made were to be treated as rent. There was no legal obligation to pay any balance due after the forfeiture.

We think this case falls within the influence of the opinion, which we quote, in the case of Haynie, Adm'r. v. Robertson, 58 Ala. 37:

"It is unquestionably the law, that parties may make their own contracts, in their own terms, and compel their performance as made, or recover damages for their breach, unless they infringe upon some rule of law, or of public policy. When contracting, they may mould the terms to suit their own conveniences and tastes. The law clothes them with power to buy, to sell, to make and receive mortgages, and to make sales, reserving the privilege to repurchase. Courts are guardians of people who are sui juris, not for the purpose of pronouncing their contracts wise or unwise, but for the purpose of protecting them in the enjoyment of their legal rights and civil independence. I profess myself no advocate of any dogma, which says to the citizen, laboring under no civil disability, 'This form of contract is more advantageous to you than that, and therefore I will strain legal intendments at the expense of your intention, that you may be relieved of the hardships of a bargain you probably intended to make.' The intention of contracting parties, gathered from the terms of their contract, must control in its interpretation, if that intention violate no principle of law. If we fall below this standard, we make contracts rather than interpret them.

"A mortgage is, in equity, a hypothecation or pledge of property for the security of a debt. There must be a debt, or there can be no security for its payment. Hence it is said, if there is no debt, there can be no mortgage. Debt, in this connection, means a duty or obligation to pay, for the enforcement of which an action will lie. In McKinstry v. Conly, 12 Ala. 678, it was said, in effect, that whether a transaction was a mortgage or conditional sale, depended on the inquiry, did the party have a remedy for the recovery of the money on a debt? Was there a legal liability which would support an action? And in Peeples v. Stolla, at the December term, 1876 (57 Ala. 53), we said: 'The effect of a mortgage made by one capable in law of executing such contract, is to leave on the mortgagor a personal liability for the residuum of the debt, if, on foreclosure, the property mortgaged fails to yield a sum sufficient to pay it in full. Hence, one of the tests by which to determine whether or not a mortgage was intended, is the existence or not of a debt to uphold it. If there is no debt, there can be no mortgage. On the other hand, security for a

debt is incompatible with the idea of a conditional sale.'

"A mortgagee, it is said, has three remedies, and can prosecute one or all of them. He can sue for the debt, as a debt, can maintain ejectment for the recovery of the premises, and can also maintain a suit in equity to foreclose the mortgage. Doe ex dem. v. McLoskey, 1 Ala. 708. Cumulative authority that there must be a debt, which will support an action at law, to uphold a mortgage. See also, Murphy v. Barefield, 27 Ala. 634; West v. Hendrix, 28 Ala. 226; Swift v. Swift, 36 Ala. 147; Beck v. Blue, 42 Ala. 32 (94 Am.Dec. 630); Robinson v. Farrelly, 16 Ala. 472.

"In the present case, it is manifest that Hibbs retained no debt against Chambers. The latter only bargained for the privilege of repurchasing. He was under no legal obligation to do so. Hibbs could maintain no action against him for not paying the money, and could not have foreclosed the contract as a mortgage. The transaction was a sale, with the privilege to repurchase, reserved to the seller.—Conway v. Alexander, 7 Cranch, [218], 219 (3 L.Ed. 321); Flagg v. Mann, 14 Pick. [Mass.] 467; Taylor v. Cornelius, 60 Pa. 187; Weed v. Snow, 1 Mich. 128; Knowlton v. Walker, 13 Wis. 264; Ruffier v. Womack, 30 Tex. 332; Robinson v. Willoughby, 65 N.C. 520; Sharkey v. Sharkey, 47 Mo. 543.

"Some authorities are not strictly reconcilable with these views, but we decline to follow them.—See Heath v. Williams, 30 Ind. 495; Dow v. Chamberlin, 5 McLean 281 (Fed.Cas. No. 4,037); Pensoneau v. Pulliam, 47 Ill. 58."

The present bill seems to proceed upon the idea that the transaction discloses a mortgage instead of a conditional sale and is not based upon fraud or misrepresentation nor is fraud or misrepresentation raised by the answer to the cross-bill. Though there was some evidence from Lindsey that the elder Sturkie led him to believe the transaction was equivalent to a mortgage, we think the entire evidence discloses that the complainant understood that it was not a mortgage and that one was not intended, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.